The Honorable Ricardo S. Martinez

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

WASHINGTON STATE ASSOCIATION OF HEAD START AND EARLY CHILDHOOD ASSISTANCE AND EDUCATION PROGRAM, ILLINOIS HEAD START ASSOCIATION, PENNSYLVANIA HEAD START ASSOCIATION, WISCONSIN HEAD START ASSOCIATION, FAMILY FORWARD OREGON, and PARENT VOICES OAKLAND,

*Plaintiffs,*

v.

ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ANDREW GRADISON, in his official capacity as Acting Assistant Secretary of the Administration for Children and Families; ADMINISTRATION FOR CHILDREN AND FAMILIES; OFFICE OF HEAD START; and TALA HOOBAN, in her official capacity as Acting Director of the Office of Head Start,

*Defendants.*

Case No. 2:25-cv-00781-RSM

**MOTION TO FILE DECLARATIONS IN PSEUDONYM**
NOTE ON MOTION CALENDAR:

JUNE 13, 2025

MOTION TO FILE DECLARATIONS IN PSEUDONYM - 1
2:25-CV-00781-RSM

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

## I.   INTRODUCTION

Declarants in this case are Head Start agencies, parents with children who are enrolled in Head Start, and teachers in Head Start (collectively referred to herein as "Declarants") who have important information to share about Head Start and the Defendants' failure to appropriately administer Congress's mandate to provide these services to children and families. However, because of the general climate of fear created by the Trump Administration, Declarants fear for their personal, professional, and financial well-being if their identity is revealed in connection with a case criticizing the Administration. While Declarants suffer potential retaliation for their disclosure, Defendants suffer no prejudice if Declarants are allowed to proceed in pseudonym. Finally, the public benefits from hearing the information provided by these Declarants because this is information the public would not hear if the Administration's intimidation tactics were allowed to silence people who would otherwise speak out.

## II.   BACKGROUND

Declarants are individuals affected by the Defendants' failure to appropriately administer the Head Start Program. Jane Doe is an administrator at one of the largest Head Start Providers in Washington state. *See Declaration of David Montes*, Exhibit A at 1. Her declaration provides extensive information about the Head Start program and the effects of the Defendants' actions on the agency's ability to administer the program as required by the statute. *Id.* It also indicates that if Jane Doe is not allowed to maintain her anonymity, she would fear retaliation both against her program and herself and would not be willing to provide this information. *Id.* at 14-15.

Member A is a parent and member of Plaintiff Family Forward Oregon. *See Declaration of David Montes*, Exhibit B at 1. Member A has a three-year old daughter in Head Start. *Id.* Member A discusses the importance of Head Start to her daughter's education and wellbeing and her ability to work, as well as the harms to herself and her family because of

MOTION TO FILE DECLARATIONS IN PSEUDONYM - 2
2:25-CV-00781-RSM

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

1   Defendants' actions. *Id.*at 2-3. Member A submitted her declaration in pseudonym because of

2   fear of retaliation from the Trump Administration and other members of the public who may

3   be inflamed by the rhetoric the administration. *Id.* at 4.

4         Member B is a Head Start teacher and member of Plaintiff Family Forward Oregon.

5   *See Declaration of David Montes*, Exhibit C at 1. This declaration outlines the work and care

6   that Head Start educators give to their students and the harm to herself and the children and

7   families with whom she works as a result of Defendants' actions. *Id.* at 2-4.  Member B

8   submitted her declaration in pseudonym because of fear of retaliation from the Trump

9   Administration and other members of the public who may be inflamed by the rhetoric the

10  administration. *Id.* at 4.

11        These fears are well founded. One of the hallmarks of this Administration has been a

12  willingness to exact revenge on the government's foes and perceived foes.[1] Whether it is

13  former government officials, law firms, educational institutions, or others, the Administration

14  has not hesitated to use its vast power to compel allegiance or make life difficult for those who

15  are seen as disloyal. *Id.* In many cases, these actions have been accompanied, or have

16  sometimes been preceded, by harassment or doxxing of people who speak out against the

17  Administration by right-wing groups.[2]

18                        III. ARGUMENT

19     28 U.S. Code § 1746 allows for unsworn declarations signed under penalty of perjury to be

20  used in any situation where a sworn declaration could be used. This statute "does not prohibit the

21

22

23

24  [1] *See* Michael S. Schmidt, *In Trump's Second Term, Retribution Comes in Many Forms*, N.Y. TIMES (Apr. 7, 2025), https://www.nytimes.com/2025/04/07/us/politics/trump-biden-law-firms-revenge.html.

25  [2] Alfred Ng, *DOJ Reveals Plan to Protect Doxed Staff*, Politico (January 1, 2025) DOJ reveals plans to protect doxed staff - POLITICO; Stephanie Saul, *A Mysterious Group Says Its Mission Is to Expose Antisemetic Students*, N.Y. TIMES (Apr. 1, 2025), https://www.nytimes.com/2025/04/01/us/israel-gaza-student-protests-

26  canary-mission.html; Tesfaye Negussie and Nadine El-Bawab, *Doxxing Campaign Against Pro-Palestinian College Students Ramps Up*, ABC NEWS (Oct. 20, 2023), https://abcnews.go.com/International/doxxing-

27  campaign-pro-palestinian-college-students-ramps/story?id=104141630.

MOTION TO FILE DECLARATIONS IN PSEUDONYM - 3     A.C.L.U. OF WASHINGTON
2:25-CV-00781-RSM                         PO BOX 2728 SEATTLE, WA 98111-2728
                                        (206) 624-2184

1  use of nicknames, aliases, or pseudonyms; it merely requires by implication that the fact of such

2  use is expressly stated in the declaration, and that the actual person can be identified." *Springer v.*

3  *I.R.S.*, S-97-0092 WBS GGH, 1997 WL 732526, at *5 (E.D. Cal. Sept. 12, 1997).

4         Courts allow anonymity "when identification creates a risk of retaliatory physical or

5  mental harm." *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067 (9th Cir. 2000)

6   (collecting cases). To determine whether pseudonymity is appropriate in a particular case,

7  courts examine "(1) the severity of the threatened harm (2) the reasonableness of the

8  anonymous party's fears and (3) the anonymous party's vulnerability to such retaliation." *Id.*

9  "The court must also determine the precise prejudice at each stage of the proceedings to the

10 opposing party, and whether proceedings may be structured so as to mitigate that

11 prejudice." *Id.* "Finally, the court must decide whether the public's interest in the case would

12 be best served by requiring that the litigants reveal their identities." *Id.*  This standard applies

13 to non-party declarants. *Guifu Li v. A Perfect Day Franchise, Inc.*, 270 F.R.D. 509, 514 (N.D.

14 Cal. 2010). Where cases concern governmental activity, the case for proceeding anonymously

15 is particularly strong. *See, e.g.*, *E.W. v. N.Y. Blood. Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003).

16         The threatened harms here are both significant and reasonable expected to occur. Based

17 on the well-documented actions and threats of the Trump Administration and third-party actors

18 aligned with the Administration, Declarants fear that their personal safety may be at risk and

19 that third party groups will dox, threaten and potentially harm them if their identities are

20 disclosed. Because these programs work with children, there is also a threat that if a program

21 is targeted, it would put the children in the program in harm's way. The well-established recent

22 history of retribution by this Administration makes these fears of retaliation reasonable. In

23 addition to the threats of physical harm, there is a very real threat that the Administration will

24 retaliate by revoking funding for programs, as they have done against educational institutions,

25 or taking adverse actions on Declarants' employment. None of the Declarants have the means

26

27

MOTION TO FILE DECLARATIONS IN PSEUDONYM - 4          A.C.L.U. OF WASHINGTON
2:25-CV-00781-RSM                                      PO BOX 2728 SEATTLE, WA 98111-2728
                                                       (206) 624-2184

1 | to protect themselves from such attacks. As such, the three factors from *Advanced Textile* are

2 | satisfied.

3 | In contrast, the Defendants' interests will not be harmed by pseudonymity in this case.

4 | First, the allegations in these declarations can be investigated generally, and do not require the

5 | identity of the individuals named in the declarations. These declarations describe individual

6 | experiences that are representative of those experienced by Head Start staff and families. This

7 | will give Defendants the opportunity to investigate whether this situation is occurring in Head

8 | Start agencies or with Head Start parents or educators around the country and does not require

9 | Defendants to know the names of Declarants. They can obtain most of the information needed

10 | to confirm or deny the allegations in this way. Second, Declarants are not parties to this case

11 | and are not subject to the same disclosure requirements as the parties in this case.

12 | Finally, given the circumstances here, anonymity and protection from retaliation *serves*

13 | rather than detracts from the public interest. While the public has an interest in access to court

14 | proceedings, the individual identity of Declarants is not necessary to facilitate the public's

15 | understanding of judicial decision-making or "public scrutiny of the important issues in this

16 | case." *Advanced Textile Corp.,* 214 F.3d at 1072. Moreover, because of the Declarants' fear in

17 | this case, if Declarants are not allowed to proceed in pseudonym, it means that the public may

18 | never learn the important information they have to share. Pseudonymity will allow more

19 | information into the public sphere.

20 | The balance here clearly weighs in favor of allowing pseudonymity and Plaintiffs

21 | request that Declarants be allowed to proceed as such.

## IV. CONCLUSION

23 | For the reasons stated above, Plaintiff requests that the Court allow Declarants to

24 | proceed in pseudonym. If denied, Plaintiff's request that Declarants be allowed to withdraw

25 | their declarations.

26 | ***

1    The undersigned certifies that this motion contains 1,243 words, in compliance with the

2    Local Civil Rules.

3

4    Dated: May 16, 2025

5

6    Ming-Qi Chu (*pro hac vice*)
     Jennesa Calvo-Friedman (*pro hac vice*)

7    Linda S. Morris\* (*pro hac vice*)
     \**admitted in State of Maryland*

8
     Sania Chandrani (*pro hac vice*)
9    AMERICAN CIVIL LIBERTIES
         UNION FOUNDATION
10   125 Broad Street, 18th Floor
     New York, NY 10004
11   Tel: (212) 549-2500
     mchu@aclu.org
12

13
     Michelle Fraling (*pro hac vice*)
14   AMERICAN CIVIL LIBERTIES
         UNION FOUNDATION
15   915 15th Street NW, 6th Floor
     Washington DC, 20005
16   Tel: (917) 710-3245
     michelle.fraling@aclu.org
17

18   Laboni A. Hoq (*pro hac vice*)
     HOQ LAW APC
19   AMERICAN CIVIL LIBERTIES
         UNION FOUNDATION
20       (Cooperating Attorney)
     P.O. Box 753
21   South Pasadena, CA 91030
     Tel: (213) 977-9004
22   laboni@hoqlaw.com

23
     S. Starling Marshall (*pro hac vice*
24   forthcoming)
     CROWELL & MORING LLP
25   Two Manhattan West
     375 Ninth Avenue
26   New York, NY 10001

27

Respectfully submitted,

By:     /s/   La Rond Baker
La Rond Baker (WSBA No. 43610)
Brent Low (WSBA No. 61795)
David Montes (WSBA No. 45205)
AMERICAN CIVIL LIBERTIES
    UNION OF WASHINGTON
P.O. BOX 2728
Seattle, Washington 98111-2728
Tel: (206) 624-2184
baker@aclu-wa.org

Kevin M. Fee (*pro hac vice*)
Allison Siebeneck (*pro hac vice*)
ROGER BALDWIN FOUNDATION OF
    ACLU, INC.
150 N. Michigan Ave, Suite 600
Chicago, IL 60601
Tel: (312) 201-9740
kfee@aclu-il.org

Lindsay Nako (*pro hac vice*)
Lori Rifkin  (*pro hac vice*)
Fawn Rajbhandari-Korr (*pro hac vice*)
Meredith Dixon (*pro hac vice*)
Megan Flynn (*pro hac vice*)
IMPACT FUND
2080 Addison Street, Suite 5
Berkeley, CA 94704
Tel: (510) 845-3473
lrifkin@impactfund.org

Edward T. Waters (*pro hac vice* forthcoming)
FELDESMAN LEIFER LLP
1129 20th Street NW, 4th Floor
Washington, DC 20036
Tel: (202) 466-8960

Tel: (212)223-4000
SMarshall@crowell.com

Skye Mathieson (*pro hac vice*
forthcoming)
Lucy Hendrix (*pro hac vice*
forthcoming)
Emily P. Golchini (*pro hac vice*
forthcoming)
CROWELL & MORING LLP
1001 Pennsylvania Ave NW
Washington, DC 20004
Tel: (202)624-2500
SMatheison@crowell.com

ewaters@feldesman.com

MOTION TO FILE DECLARATIONS IN PSEUDONYM - 7
2:25-CV-00781-RSM

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184