The Honorable Ricardo S. Martinez

IN UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON STATE ASSOCIATION OF HEAD START AND EARLY CHILDHOOD ASSISTANCE AND EDUCATION PROGRAM, ILLINOIS HEAD START ASSOCIATION, PENNSYLVANIA HEAD START ASSOCIATION, WISCONSIN HEAD START ASSOCIATION, FAMILY FORWARD OREGON, and PARENT VOICES OAKLAND,<br>　　　　　　　*Plaintiffs*,<br>　v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ANDREW GRADISON, in his official capacity as Acting Assistant Secretary of the Administration for Children and Families; ADMINISTRATION FOR CHILDREN AND FAMILIES; OFFICE OF HEAD START and TALA HOOBAN, in her official capacity as Acting Director of the Office of Head Start*,*<br><br>　　　　　　　*Defendants*. | NO. 2:25-CV-00781-RSM<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>NOTE ON MOTION CALENDAR:<br>JUNE 13, 2025 |

This matter comes before the Court on the motion of Plaintiffs for a Preliminary Injunction. Having reviewed Plaintiffs' complaint and the memorandum of law, declarations, and other evidence in support of the motion, as well as any papers filed in opposition to this motion, and arguments at the hearing on this motion, the Court GRANTS Plaintiffs' Motion for Preliminary Injunction as set forth below.

[PROPOSED] ORDER GRANTING - 1
MOTION FOR PRELIMINARY INJUNCTION
2:25-CV-00781-RSM

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

- Plaintiffs have shown that they are likely to succeed on the merits of their claims that the March 14 DEI Letter and the April 16 DEIA Certification (collectively the "DEIA Ban") violates the Fifth Amendment, First Amendment, Separation of Powers, Spending Clause, Administrative Procedure Act, and Section 504 of the Rehabilitation Act.

- Plaintiffs have shown that they are likely to succeed on the merits of their claims that the mass cuts to the Office of Head Start (OHS,), including the closure of half the regional offices and elimination of sixty percent of OHS staff, of sixty percent of the staff, violate the Separation of Powers and the Administrative Procedure Act.

- Plaintiffs have shown that they, and Head Start agencies and families across all locations covered by the Head Start Act, including in all fifty states, tribal nations, and several United States territories, are likely to suffer irreparable harm in the absence of preliminary relief. Defendants' actions threatens to leave hundreds of thousands of children without access to early education and related programming, their parents without childcare that enables them to go to work, and numerous staff without jobs.

- Plaintiffs have shown that the balance of equities and public interest favors issuance of an injunction.

- Defendants have not made the requisite showing for a bond pursuant to Federal Rule of Civil Procedure 65(c).

For the foregoing reasons and for good cause shown, the Court therefore ORDERS:

(1) Defendants and all their respective officers, agents, servants, employees and attorneys, and any person in active concert or participation with any of them (collectively, the "Enjoined Parties") are fully enjoined from the following:

    a. Enforcing and/or implementing any portion of the DEI Letter[1] or any portion of the DEIA Certification,[2] all agency-wide directives implementing or effectuating

---

[1] Declaration of Jennesa Calvo-Friedman in Support of Plaintiffs' Motion for Preliminary Injunction ("Calvo-Friedman") Ex.5, 6.
[2] Calvo-Friedman Ex.7 at 18-19.

[PROPOSED] ORDER GRANTING - 2
MOTION FOR PRELIMINARY INJUNCTION
2:25-CV-00781-RSM

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

the DEIA Ban, and any changes made pursuant to the DEIA Ban, or otherwise taking similar actions that enforce or implement the "Ending Radical and Wasteful Government DEI Agencies and Preferencing" Exec. Order No. 14,151, 90 Fed. Reg. 8339 (Jan. 29, 2025) or the "Ending Illegal Discrimination and Restoring Merit-Based Opportunity" Exec. Order No. 14,173, 90 Fed. Reg. 8633 (Jan. 31, 2025) including by:

    i. Pausing, freezing, impeding, blocking, canceling, terminating, delaying, withholding, or conditioning any grants or obligations to Head Start agencies for any reason other than those specifically enumerated by the Head Start Act or its implementing regulations;

    ii. Requiring any Head Start agency to make any "certification" or other representation pursuant to the DEIA Certification or other similar requirement;

    iii. Modifying, or requiring Head Start agencies to modify, the terms of any federal grants to comply with the DEIA Ban, or adding, or requiring Head Start agencies to add any terms to forthcoming grants predicated on the DEIA Ban or similar language;

    iv. Bringing any False Claims Act enforcement action, or other enforcement action, pursuant to the DEIA Certification, including but not limited to any False Claims Act enforcement action premised on any certification made pursuant to the DEIA Certification;

b. Any actions to further implement the mass cuts including by any further implementation of OHS mass layoffs and office closures undertaken in accordance with the Executive Order, "Implementing the President's 'Department of Government Efficiency' Workforce Optimization Initiative," and described in

[PROPOSED] ORDER GRANTING - 3
MOTION FOR PRELIMINARY INJUNCTION
2:25-CV-00781-RSM

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

Defendants' March 27, 2025 Directive[3] and April 3, 2025 e-mail,[4] including but not limited to: execution of any existing reduction in force notices including final separation of employees, issuance of any further existing reduction in force notices, and/or placement of employees on administrative leave.

c. Additionally, in order to "preserve status or rights pending conclusion" of this Court's review, the effective dates of Defendants' DEIA Ban and the OHS mass layoffs and regional office closures are postponed. 5 U.S.C. § 705.

(2) This Order shall apply to the maximum extent provided for by Federal Rule of Civil Procedure 65(d)(2) and 5 U.S.C. §§ 705 and 706.

(3) Defendants shall provide written notice of the Court's preliminary injunction within 24 hours of entry to all Defendants, their employees, agents, and anyone acting in concert with them, and to all Head Start agencies.

(4) Within two (2) business days, Defendants shall serve and file a declaration(s) verifying that they have complied with this Order and detailing what steps, if any, they have taken to do so.

(5) This Order shall remain in effect until the close of this case, unless otherwise ordered by the Court.

(6) Plaintiffs are not required to post a bond under Federal Rule 65(c).

**IT IS SO ORDERED.**

Dated this _____ day of June 2025

_____
Judge Ricardo S. Martinez

---

[3] Calvo-Friedman Ex.8, 9.
[4] Calvo-Friedman Ex. 10.

[PROPOSED] ORDER GRANTING - 4
MOTION FOR PRELIMINARY INJUNCTION
2:25-CV-00781-RSM

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

Presented by:

La Rond Baker

| | |
|---|---|
| By:     /s/    La Rond Baker<br>La Rond Baker (WSBA No. 43610)<br>Brent Low (WSBA No. 61795)<br>David Montes (WSBA No. 45205)<br>AMERICAN CIVIL LIBERTIES<br>    UNION OF WASHINGTON<br>P.O. BOX 2728<br>Seattle, Washington 98111-2728<br>Tel: (206) 624-2184<br>baker@aclu-wa.org<br><br>Ming-Qi Chu (*pro hac vice*)<br>Jennesa Calvo-Friedman (*pro hac vice*)<br>Linda S. Morris* (*pro hac vice*)<br>*admitted in State of Maryland*<br>Sania Chandrani<br>AMERICAN CIVIL LIBERTIES<br>    UNION FOUNDATION<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Tel: (212) 549-2500<br>mchu@aclu.org<br><br>Michelle Fraling (*pro hac vice*)<br>AMERICAN CIVIL LIBERTIES<br>    UNION FOUNDATION<br>915 15th Street NW, 6th Floor<br>Washington DC, 20005<br>Tel: (917) 710-3245<br>michelle.fraling@aclu.org<br><br><br>Laboni A. Hoq (*pro hac vice*)<br>HOQ LAW APC<br>AMERICAN CIVIL LIBERTIES<br>    UNION FOUNDATION<br>    (Cooperating Attorney)<br>P.O. Box 753<br>South Pasadena, CA 91030<br>Tel: (213) 977-9004<br>laboni@hoqlaw.com | Kevin M. Fee (*pro hac vice*)<br>Allison Siebeneck (*pro hac vice*)<br>ROGER BALDWIN FOUNDATION OF<br>    ACLU, INC.<br>150 N. Michigan Ave, Suite 600<br>Chicago, IL 60601<br>Tel: (312) 201-9740<br>kfee@aclu-il.org<br><br>Lindsay Nako (*pro hac vice*)<br>Lori Rifkin (*pro hac vice*)<br>Fawn Rajbhandari-Korr (*pro hac vice*)<br>Meredith Dixon (*pro hac vice*)<br>Megan Flynn (*pro hac vice*)<br>IMPACT FUND<br>2080 Addison Street, Suite 5<br>Berkeley, CA 94704<br>Tel: (510) 845-3473<br>lrifkin@impactfund.org<br><br>S. Starling Marshall (*pro hac vice*<br>forthcoming)<br>CROWELL & MORING LLP<br>Two Manhattan West<br>375 Ninth Avenue<br>New York, NY 10001<br>Tel: (212)223-4000<br>SMarshall@crowell.com<br><br><br><br>Skye Mathieson (*pro hac vice* forthcoming)<br>Lucy Hendrix (*pro hac vice* forthcoming)<br>Emily P. Golchini (*pro hac vice* forthcoming)<br>CROWELL & MORING LLP<br>1001 Pennsylvania Ave NW<br>Washington, DC 20004<br>Tel: (202)624-2500<br>SMatheison@crowell.com |

| | |
|---|---|
| [PROPOSED] ORDER GRANTING - 5<br>MOTION FOR PRELIMINARY INJUNCTION<br>2:25-CV-00781-RSM | A.C.L.U. OF WASHINGTON<br>PO BOX 2728 SEATTLE, WA 98111-2728<br>(206) 624-2184 |

| | |
|---|---|
| | Edward T. Waters (*pro hac vice* forthcoming)<br>FELDESMAN LEIFER LLP<br>1129 20th Street NW, 4th Floor<br>Washington, DC 20036<br>Tel: (202) 466-8960<br>ewaters@feldesman.com |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

[PROPOSED] ORDER GRANTING - 6             A.C.L.U. OF WASHINGTON
MOTION FOR PRELIMINARY INJUNCTION         PO BOX 2728 SEATTLE, WA 98111-2728
2:25-CV-00781-RSM                         (206) 624-2184