UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON STATE ASSOCIATION OF HEAD START AND EARLY CHILDHOOD ASSISTANCE AND EDUCATION PROGRAM; ILLINOIS HEAD START ASSOCIATION; PENNSYLVANIA HEAD START ASSOCIATION; WISCONSIN HEAD START ASSOCIATION; FAMILY FORWARD OREGON; and PARENT VOICE OAKLAND,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ANDRW GRADISON, in his official capacity as Acting Assistant Secretary of the Administration for Children and Families; ADMINISTRATION FOR CHILDREN AND FAMILIES; OFFICE OF HEAD START; and TALA HOOBAN, in her official capacity as Acting Director of the Office of Head Start,<br><br>Defendants. | Case No. C25-781-RSM<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE DECLARATIONS IN PSEUDONYM |

This matter comes before the Court on Plaintiffs' Motion for Leave to File Declarations in Pseudonym. Dkt. #35. The Motion is unopposed, as Defendants did not file a Response,

ORDER GRANTING PLAINTIFFS' MOTION
FOR LEAVE TO FILE DECLARATIONS IN PSEUDONYM- 1

which was due on June 6, 2025. *See* LCR 7(d)(4). For the reasons below, the Court grants the Motion.

Plaintiffs request that the Declarations of Jane Doe and Members A and B of Family Forward Oregon be filed under pseudonym because they "have important information to share about Head Start and the Defendants' failure to appropriately administer Congress's mandate to provide these services to children and families." Dkt. #35 at 2. Plaintiffs argue that the Declarants "fear that their personal safety may be at risk and that third party groups will dox, threaten[,] and potentially harm them if their identities are disclosed." *Id*. at 4. They further argue that because the Declarants' "programs work with children, there is also a threat that if a program is targeted, it would put the children in the program in harm's way." *Id*.

Declarant Jane Doe, a Washington State Executive Director, oversees one of the largest Head Start providers in Washington, servicing "more than 40% of the state." Dkt. #36, Montes Decl., Ex. A at ¶ 2 and 8. She provides her declaration under a pseudonym because she fears she or her program will be targeted or face retaliation if her identity is revealed. *Id*. at ¶ 47. She fears for her "personal safety and the safety of the children" in her program as well and states that she "would not provide this information if . . . not anonymous." *Id*. at ¶¶ 48-49.

Declarant Member A is a parent member of Family Forward Oregon whose youngest daughter attends a Head Start program. Dkt. #36, Montes Decl., Ex. B at ¶ 2-4. Member A "fear[s] retaliation from the current presidential administration, as well as harassment and threats from members of the public, for challenging the policies and practices of the Trump administration related to the Anti-DEI and Anti-Immigration Executive Orders." *Id*. at ¶ 19.

Declarant Member B is a Head Start teacher in Oregon. Dkt. #36, Montes Decl., Ex. C at ¶ 2-3. Member B also requests anonymity out of fear of retaliation from the current administration and the public. *Id*. at ¶ 25.

ORDER GRANTING PLAINTIFFS' MOTION
FOR LEAVE TO FILE DECLARATIONS IN PSEUDONYM- 2

Though the usual presumption is that parties and declarants will use their real names in a case, the Ninth Circuit allows pseudonyms "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981). These "unusual cases" involve "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in the knowing the party's identity." *Id*. at 1068.

Generally, the Ninth Circuit has allowed parties or declarants to proceed anonymously: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature;' and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct.'" *Id.* (alteration in original) (internal citations omitted). When determining the need for anonymity to protect from harm, courts look to: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* (internal citations omitted).

Here, the Court finds that granting Plaintiffs leave to proceed anonymously with the above Declarants is appropriate. The Declarants' fears of retaliation, both personal and on the involved programs, are reasonable and severe. *See Doe 1 v. Noem*, No. 2:25-CV-00663-DGE, 2025 WL 1434925 (W.D. Wash. May 19, 2025); *New York v. McMahon*, No. 1:25-CV-10601-MJJ, 2025 WL 1478387 (D. Mass. Mar. 21, 2025); *Jones v. Trump*, No. 25-401, 2025 WL 485419 (D.D.C. Feb. 13, 2025). As noted by Plaintiffs and the above cases, court activities related to recent executive orders have gained extensive media coverage, public attention, and nationwide reactions. *See* Dkt. #35 at 3 n.1 and n.2 (collecting news articles on political retribution and "doxing"). Though the "Court cannot know *ex ante* how severe" the retaliation

or harm would be if Declarants' names were revealed, "the Court need not—and will not—expose [Declarants] to a social experiment to find out." *Doe v. Noem*, 2:25-CV-00633-DGE, 2025 WL 1295664, at *2 (W.D. Wash. May 5, 2025) (citing *Advanced Textile Corp.*, 214 F.3d at 1071). Any risk of prejudice to Defendants or the public is far outweighed by the risks to Declarants. Defendants and the public are fully aware of the parties involved in this case, as this Motion involves only Declarants, not Plaintiffs. Also, "the fact that this case has been brought against the federal government, rather than private parties, supports permitting [Declarants] . . . to proceed anonymously." *International Refugee Assistance Project v. Trump*, No. TDC-17-0361, 2017 WL 818255, at *3 (D. Md. Mar. 1, 2017). Furthermore, per the Local Civil Rules, the Court may consider Defendants' failure to file a Response "as an admission that the motion has merit." LCR 7(b)(2). Accordingly, the Court will grant Plaintiffs' Motion.

Having considered the instant Motion, declarations, and the remainder of the record, the Court finds and ORDERS that Plaintiffs' Motion for Leave to File Declarations in Pseudonym, Dkt. #35, is GRANTED.

DATED this 16th day of June, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE