IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WASHINGTON STATE ASSOCIATION OF HEAD START AND EARLY CHILDHOOD ASSISTANCE AND EDUCATION PROGRAM, ILLINOIS HEAD START ASSOCIATION, PENNSYLVANIA HEAD START ASSOCIATION, WISCONSIN HEAD START ASSOCIATION, FAMILY FORWARD OREGON, and PARENT VOICES OAKLAND,<br><br>*Plaintiffs*,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ANDREW GRADISON, in his official capacity as Acting Assistant Secretary of the Administration for Children and Families; ADMINISTRATION FOR CHILDREN AND FAMILIES; OFFICE OF HEAD START; and TALA HOOBAN, in her official capacity as Acting Director of the Office of Head Start,<br><br>*Defendants*. | Case No. 2:25-cv-00781-RSM<br><br>**JOINT STATUS REPORT** |

The Parties respectfully submit this Joint Status Report on the parties' positions on whether this case is exempt from discovery under FRCP 26(a)(1)(B), as the Court directed by email on June 18, 2025.

**Procedural History**

On May 13, 2025, the Court set deadlines for the FRCP 26(f) conference, the initial disclosures pursuant to FRCP 26(a)(1), and the combined joint status report and discovery plan

required by FRCP 26(f) and Local Civil Rule 26(f).  *See* Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, ECF No. 33, at *1.  In the same order, the Court directed the parties to notify the Courtroom Deputy if "this case involves claims which are exempt from the requirements of FRCP 26(a) and 26(f)."  *Id.*

On June 9, 2025, the parties jointly requested a one-week extension of the deadlines in the May 13, 2025 order to accommodate a scheduling conflict for Defendants' counsel.

On June 17, 2025, in advance of the rescheduled FRCP 26(f) conference, Defendants' counsel notified the Court by email that "the government believes this case is exempt from the requirements of FRCP 26(a) and 26(f) pursuant to FRCP 26(a)(1)(B)."  On June 18, 2025, Plaintiffs' counsel responded to Defendants' email and stated that they disagree with Defendants' position.  The Court directed the parties to "meet and confer regarding the issue and submit a joint status report to the Court no later than Thursday, June 26, 2025.

Pursuant to the Court's directions, the parties met and conferred via teleconference on June 25, 2025.  The parties were unable to reach agreement on this issue, and provide their respective positions below.

### 1. *Plaintiffs' Position*

Plaintiffs disagree with Defendants' position that FRCP 26(a)(1)(B) exempts this case from the requirements of FRCP 26(a) and 26(f).  That rule states that certain proceedings "are exempt from initial disclosure," including "an action for review on an administrative record."  Plaintiffs have pleaded eleven claims in their Amended Complaint: five constitutional claims; one statutory claim; and five APA claims.  "Ninth Circuit caselaw supports that a plaintiff may pursue a freestanding, constitutional claim outside of the review procedures prescribed by the APA." *Washington v. United States Dep't of Homeland Sec.*, No. 4:19-CV-5210-RMP, 2020 WL 4667543, at *6 (E.D. Wash. Apr. 17, 2020) (citing *Sierra Club v. Trump*, 929 F.3d 670, 698–99 (9th Cir. 2019)); *see Grill v. Quinn*, No. CIV S-10-0757 GEB, 2012 WL 174873, at *2 (E.D. Cal. Jan. 20, 2012) ("A direct constitutional challenge is reviewed independent of the APA. As such

the court is entitled to look beyond the administrative record in regard to this claim." (internal citation omitted)). Some district courts in this Circuit consider whether "the constitutional claims 'fundamentally overlap' with the APA claims." *Yocom v. United States Citizenship & Immigr. Servs.*, No. 22CV0839 JO (BLM), 2025 WL 886957, at *3 (S.D. Cal. Mar. 21, 2025)

Plaintiffs' constitutional and statutory claims are not "attachments" to their APA claims and do not "fundamentally overlap." Rather, these are independent claims "for which the record of the agency's decision making would not comprehensively address," and therefore, "discovery outside the administrative record is warranted." *United Farm Workers v. Noem*, No. 1:25-cv-00246, 2025 WL 1490131 (E.D. Cal. May 23, 2025) (rejecting the same position regarding FRCP 26(a)(1)(B) that Defendants have argued in this case). For example, Plaintiffs' Separation of Powers and Spending Clause claims allege that Defendants thwarted Congress's directive to spend appropriated funds to implement the Head Start program. Discovery into the Defendants' distribution of appropriated funds, the implementation of their mass "reorganization" of the Office of Head Start following the mass office closures and layoffs, and data on the time it takes for Defendants to complete mandatory tasks such as monitoring reviews and change of scope applications, are relevant to Plaintiffs constitutional claims, which unlike the APA claims are not focused on "the administrative record in existence at the time of the decision." *Lands Council v. Powell*, 395 F.3d 1019, 1029 (9th Cir. 2005). Similarly, Plaintiffs' vagueness claim alleges that Defendants' DEIA Ban violates the Fifth Amendment because it allows arbitrary enforcement and "resolution on an ad hoc and subjective basis." *Grayned v. City of Rockford*, 408 U.S. 104, 108–09 (1972). Discovery into the Defendants' Monitoring Protocol, including guidance they provide to those charged with monitoring Head Start agencies is necessary to evaluate whether or not they comply with Head Start requirements, and is relevant to Plaintiffs constitutional claim even if not relevant to their APA claim because it post-dates the challenged final agency action and would not be included in any Administrative Record.

Because this case is not exempt from initial disclosures, the parties should comply with

the Court's prior orders regarding discovery. Plaintiffs are prepared to promptly comply with all FRCP 26(f) and Local Civil Rule 26(f) requirements, including the FRCP 26(f) conference, the initial disclosures pursuant to FRCP 26(a)(1), and the combined joint status report and discovery plan.

Additionally, Defendants argue that they should not have to comply with any discovery obligations until after this Court resolves the dispositive motion they have not yet filed. But discovery is proper even where a motion to dismiss actually is pending. *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery.").

Lastly, Plaintiffs' initial complaint was filed on April 28, 2025, and an amended complaint was filed on May 13, 2025. Defendants were served the amended complaint via Federal Express on May 21, 2025. AUSA Kristin Johnson filed her appearance on June 2, 2025. She was then served the Amended Complaint via Federal Express on June 25, 2025.

Plaintiffs respectfully request that the Court order Defendants to proceed with these FRCP requirements, so that the parties can proceed with the expeditious and orderly prosecution of this case. To the extent the Court needs further information to decide this issue, Plaintiffs are available for a conference to further elaborate their position that this case is not exempt from Rule 26(a) and (f).

### 2. *Defendants' Position*

On June 17, 2025, Defendants notified the Court Clerk, pursuant to Dkt. 33, that the government believes this case is exempt from the requirements of Fed. R. Civ. P. 26(a) and 26(f) because it is an action for review on an administrative record. Plaintiffs disagreed citing the fact that they have brought claims under the Administrative Procedures Act (APA) and "non-Administrative Procedure Act claims." The parties met and conferred on June 25, 2025, and were unable to reach an agreement on whether this case is exempt from the requirements of Fed. R. Civ. P. 26(a) and 26(f).

Defendants believe that a determination on this issue is premature and that the deadlines in the Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. 33) should be stayed for two reasons: (1) Defendants have not been properly served and; (2) at this early stage in the litigation, it is unclear whether the Court has jurisdiction over Plaintiffs' claims, and if so, whether the alleged Constitutional claims are sufficiently distinct from the APA claims to justify court-approved extra-record discovery.

First, Plaintiffs have not effectuated service under Fed. R. Civ. P. 4(i). The Affidavits of Service filed with the Court state that Plaintiffs mailed a copy of the summons and complaint to some of the named agencies and employees by certified mail. Dkt. 34. But they do not represent that Plaintiffs also served the United States. And the United States Attorney's Office for the Western District of Washington has no record of service in this case. Discovery prior to perfecting service of the complaint on Defendants is premature. *See Cearly v. Haynes*, 2021 WL 12141672, at *1 (W.D. Wash. Nov. 1, 2021). Conducting a Rule 26(f) conference and developing a proposed discovery plan, which is the beginning of the formal discovery process, would also be premature when the complaint itself has not yet been served.

Second, Defendants will have sixty days after service on the United States Attorney to file a responsive pleading. Fed. R. Civ. P. 12(a)(2). Defendants expect to file a dispositive motion addressing the Court's jurisdiction on both the alleged APA and Constitutional claims. This motion may be dispositive of all or some of Plaintiffs' claims. Additionally, Plaintiffs' motion for a preliminary injunction remains pending and Defendants have contested the Court's jurisdiction for both claims in their opposition.

While it is difficult to determine at this early stage in the litigation whether this case is exempt from the requirements of Fed. R. Civ. P. 26(a) and 26(f), Defendants believe that if Plaintiff's APA claims survive a dispositive motion this case will likely involve claims that are "an action for review on an administrative record" and are exempt. Fed. R. Civ. P. 26(a)(1)(B)(i). While Defendants do not concede that Plaintiffs have satisfied the threshold requirements to

qualify for judicial review under the APA, their Amended Complaint is pled as an APA action with Constitutional claims attached. Discovery in APA cases is usually not permitted, and they are exempt from Rule 26's ordinary requirement to confer and develop a proposed discovery plan. *See* Fed. R. Civ. P. 26(a)(1)(B)(i) (exempting "an action for review on an administrative record" from initial disclosure obligations); Fed. R. Civ. P. 26(f)(1)–(3) (exempting such actions from the requirement to confer and develop a proposed discovery plan).

It appears that the alleged Constitutional claims, as pled in the Amended Complaint, are not sufficiently distinct from the alleged APA claims to qualify for an exception that justifies court-approved extra-record discovery. The Ninth Circuit has found that "claims challenging agency actions – particularly constitutional claims – may exist wholly apart from the APA." *Sierra Club v. Trump*, 929 F.3d 670, 699 (9th Cir. 2019). Following this ruling, several district courts have determined that constitutional claims are governed by the APA and, therefore, constitutional claims should be decided on the administrative record without further discovery. *See California v. United States Dep't of Homeland Security*, 612 F.Supp.3d 875, 896 (N.D. Cal. Apr. 1, 2020) (citing cases). On the other hand, several courts recognize that some limited discovery may be appropriate for a constitutional claim involving agency action. *Id.* (citing cases). Most courts decline to draw a bright line or categorical rule and instead examine the particular facts of the claims involved and the discovery requested before allowing discovery to proceed. *Id.* at 896-97 (citing cases).

Here, the Court, and the parties, will be in a better position to determine whether any viable claims are exempt under Fed. R. Civ. P. 26(a)(1)(B)(i) following a ruling on Plaintiffs' pending motion for a preliminary injunction and Defendants' expected dispositive motion. *Id.* at 895 (finding discovery premature prior to assessing viability of plaintiff's claims in similar APA claim with Constitutional claims attached). At that time, the Court will be able to examine the particular facts of the claims involved and the discovery requested before deciding whether to allow any extra-record discovery to proceed.

Therefore, Defendants believe that the Court should reserve a determination on this issue and stay the deadlines in the Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement until Defendants are properly served under Rule 4(i), the Court rules on the pending preliminary injunction, and the Court rules on Defendants' anticipated dispositive motion.

Alternatively, Defendants request the opportunity to file a motion for relief from, or to stay, the deadlines in the Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement pursuant Fed. R. Civ. P. 16(b)(4) and LCR 16(b)(6) in order to fully brief whether Plaintiffs' alleged APA and Constitutional claims, as currently pled in the Amended Complaint, are sufficiently distinct from each other to allow discovery regarding the Constitutional claims to proceed beyond the confines of the APA framework.

| Dated: June 26, 2025 | Respectfully submitted, |
|---|---|
| **Attorneys for Plaintiffs** | |
| Ming-Qi Chu (*pro hac vice*)<br>Jennesa Calvo-Friedman (*pro hac vice*)<br>Linda S. Morris* (*pro hac vice*)<br>*admitted in State of Maryland<br>Sania Chandrani<br>AMERICAN CIVIL LIBERTIES<br>   UNION FOUNDATION<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Tel: (212) 549-2500<br>mchu@aclu.org<br><br>Michelle Fraling (*pro hac vice*)<br>AMERICAN CIVIL LIBERTIES<br>   UNION FOUNDATION<br>915 15th Street NW, 6th Floor<br>Washington DC, 20005<br>Tel: (917) 710-3245<br>michelle.fraling@aclu.org<br><br>Laboni A. Hoq (*pro hac vice*) | By:  /s/  La Rond Baker<br>La Rond Baker (WSBA No. 43610)<br>Brent Low (WSBA No. 61795)<br>David Montes (WSBA No. 45205)<br>AMERICAN CIVIL LIBERTIES<br>   UNION OF WASHINGTON<br>P.O. BOX 2728<br>Seattle, Washington 98111-2728<br>Tel: (206) 624-2184<br>baker@aclu-wa.org<br><br>Kevin M. Fee (*pro hac vice*)<br>Allison Siebeneck (*pro hac vice*)<br>ROGER BALDWIN FOUNDATION OF<br>   ACLU, INC.<br>150 N. Michigan Ave, Suite 600<br>Chicago, IL 60601<br>Tel: (312) 201-9740<br>kfee@aclu-il.org<br><br>Lindsay Nako (*pro hac vice*) |

| | |
|---|---|
| HOQ LAW APC<br>AMERICAN CIVIL LIBERTIES<br>    UNION FOUNDATION<br>    (Cooperating Attorney)<br>P.O. Box 753<br>South Pasadena, CA 91030<br>Tel: (213) 977-9004<br>laboni@hoqlaw.com | Lori Rifkin (*pro hac vice*)<br>Fawn Rajbhandari-Korr (*pro hac vice*)<br>Meredith Dixon (*pro hac vice*)<br>Megan Flynn (*pro hac vice*)<br>IMPACT FUND<br>2080 Addison Street, Suite 5<br>Berkeley, CA 94704<br>Tel: (510) 845-3473<br>lrifkin@impactfund.org |
| S. Starling Marshall (*pro hac vice*)<br>CROWELL & MORING LLP<br>Two Manhattan West<br>375 Ninth Avenue<br>New York, NY 10001<br>Tel: (212)223-4000<br>Smarshall@crowell.com<br><br>Skye Mathieson (*pro hac vice*)<br>Lucy Hendrix (*pro hac vice* forthcoming)<br>Emily P. Golchini (*pro hac vice*)<br>CROWELL & MORING LLP<br>1001 Pennsylvania Ave NW<br>Washington, DC 20004<br>Tel: (202)624-2500<br>Smatheison@crowell.com | Edward T. Waters (*pro hac vice*)<br>FELDESMAN LEIFER LLP<br>1129 20th Street NW, 4th Floor<br>Washington, DC 20036<br>Tel: (202) 466-8960<br>ewaters@feldesman.com |

**Attorney for Defendants**

TEAL LUTHY MILLER
Acting United States Attorney


By:    /s/   Kristin B. Johnson

KRISTIN B. JOHNSON, WSBA #28189
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone No. (206) 553-7970
Fax No. (206) 553-4073
kristin.b.johnson@usdoj.gov