# EXHIBIT C

# DEPARTMENT OF HEALTH AND HUMAN SERVICES

## Office of the Secretary

## Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (PRWORA); Interpretation of "Federal Public Benefit"

**AGENCY:** Office of the Secretary, HHS.

**ACTION:** Notice with comment period.

**SUMMARY:** This notice with comment period interprets the term "Federal public benefit" as used in Title IV of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (PRWORA), Pub. L. 104–193, and identifies the HHS programs that provide such benefits under this interpretation. According to section 401 of PRWORA, aliens who are not "qualified aliens" are not eligible for any "Federal public benefit," unless the "Federal public benefit" falls within a specified exception. A "Federal public benefit" includes "any grant, contract, loan, professional license, or commercial license" provided to an individual, and also "any retirement, welfare, health, disability, public or assisted housing, postsecondary education, food assistance, unemployment benefit, or any other similar benefit for which payments or assistance are provided to an individual, household, or family eligibility unit." Under section 432, providers of a non-exempt "Federal public benefit" must verify that a person applying for the benefit is a qualified alien and is eligible to receive the benefit.

The HHS programs that provide "Federal public benefits" and are not otherwise excluded from the definition by the exceptions provided in section 401(b) are:

Adoption Assistance
Administration on Developmental Disabilities (ADD)—State Developmental Disabilities Councils (direct services only)
ADD—Special Projects (direct services only)
ADD—University Affiliated Programs (clinical disability assessment services only)
Adult Programs/Payments to Territories
Agency for Health Care Policy and Research Dissertation Grants
Child Care and Development Fund
Clinical Training Grant for Faculty Development in Alcohol & Drug Abuse
Foster Care
Health Profession Education and Training Assistance
Independent Living Program
Job Opportunities for Low Income Individuals (JOLI)
Low Income Home Energy Assistance Program (LIHEAP)
Medicare
Medicaid (except assistance for an emergency medical condition)
Mental Health Clinical Training Grants
Native Hawaiian Loan Program
Refugee Cash Assistance
Refugee Medical Assistance
Refugee Preventive Health Services Program
Refugee Social Services Formula Program
Refugee Social Services Discretionary Program
Refugee Targeted Assistance Formula Program
Refugee Targeted Assistance Discretionary Program
Refugee Unaccompanied Minors Program
Refugee Voluntary Agency Matching Grant Program
Repatriation Program
Residential Energy Assistance Challenge Option (REACH)
Social Services Block Grant (SSBG)
State Child Health Insurance Program (CHIP)
Temporary Assistance for Needy Families (TANF)

While all of these programs provide "Federal public benefits" this does not mean that all benefits or services provided under these programs are "Federal public benefits." As discussed in sections II and III below, some benefits or services under these programs may not be provided to an "individual, household, or family eligibility unit" and, therefore, do not constitute "Federal public benefits" as defined by PRWORA.

**DATES:** Effective Date: This notice is effective on August 4, 1998.

**COMMENT PERIOD:** Written comments will be considered if we receive them at the appropriate address, as provided in the **ADDRESSES** section below, no later than 5 p.m. on October 5, 1998.

**ADDRESSES:** Mail comments (1 original and 3 copies) to the following address: Division of Economic Support for Families, Office of the Assistant Secretary for Planning and Evaluation, Department of Health and Human Services, Room 404E, 200 Independence Ave., SW, Washington, DC 20201, Attention: Colleen Curtin Rathgeb.

**FOR FURTHER INFORMATION CONTACT:** Colleen Curtin Rathgeb, (202) 401–6639.

Copies of comments may be inspected at the above address. Inquiries regarding how a particular program is affected by this notice should be submitted to DHHS program staff responsible for managing the program at either the appropriate Regional Office, or Headquarters in Washington, D.C. The above contact should be used only to submit general comments regarding the policy interpretation contained in this notice.

**SUPPLEMENTARY INFORMATION:**

## I. Background

Section 401 of PRWORA provides that an alien who is not a qualified alien, as defined in section 431 of PRWORA, is not eligible, with certain specified exceptions, for any "Federal public benefit." PRWORA, as amended by section 501 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L 104–208, and by sections 5302 and 5571 of the Balanced Budget Act of 1997, Pub. L 105–33, defines "qualified alien" as an alien who, at the time the alien applies for, receives or attempts to receive a public benefit, is (1) an alien lawfully admitted for permanent residence under the Immigration and Nationality Act (the "Act"); (2) an alien granted asylum under Section 208 of the Act; (3) a refugee admitted to the United States under Section 207 of the Act; (4) an alien paroled into the United States under Section 212(d)(5) of the Act for a period of at least one year; (5) an alien whose deportation is being withheld under Section 243(h) of the Act as in effect prior to April 1, 1997, or whose removal is being withheld under Section 241(b)(3) of the Act; (6) an alien granted conditional entry under Section 203(a)(7) of the Act as in effect prior to April 1, 1980; (7) an alien who is a Cuban Haitian entrant as defined in Section 501(e) of the Refugee Education Assistance Act of 1980; or (8) an alien who (or whose child or parent) has been battered or subjected to extreme cruelty in the United States and otherwise satisfies the requirements of 8 U.S.C. 1641(c).

Section 401(c) of PRWORA defines "Federal public benefit" as: "(A) any grant, contract, loan, professional license or commercial license provided by an agency of the United States or by appropriated funds of the United States; and (B) any retirement, welfare, health, disability, public or assisted housing, postsecondary education, food assistance, unemployment benefit, or any other similar benefit for which payments or assistance are provided to an individual, household, or family eligibility unit by an agency of the United States or by appropriated funds of the United States." Section 432 of PRWORA as amended by section 504 of IIRIRA and section 5572 of the Balanced Budget Act of 1997, further requires that certain providers of "Federal public benefits" verify the citizenship or immigration status of an individual applying for a "Federal public benefit" for purposes of establishing eligibility unless the benefit falls within a specific exemption.

Exhibit C to Johnson Decl.
Case No. 2:25-cv-00781-RSM
Page 1 of 4

Although section 401(b) of PRWORA identifies specific types of benefits and services that are explicitly exempted from these new requirements, PRWORA does not identify the specific benefits that are "Federal public benefits," and the definition in section 401(c), standing alone, does not provide sufficient guidance for benefit providers to make that determination. In order to facilitate compliance with the verification requirement in Section 432, the Department and other Federal agencies should interpret the term. (See the Department of Justice's "Proposed Rule on Verification of Eligibility for Public Benefits" published elsewhere in this issue of the **Federal Register** and "Interim Guidance on Verification of Citizenship, Qualified Alien Status and Eligibility Under Title IV of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996" 62 FR (November 17, 1997) pp. 61344–61416.)

**II. Interpretation**

"Federal public benefits" that fall within Part A of the definition (i.e., "any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States") generally include agreements or arrangements between Federally funded programs and individuals, such as research grants, student loans, or patent licenses. For example, the Native Hawaiian Loan Program and the Repatriation Program are "Federal public benefits" because, as loan programs, they meet the statutory definition's criteria under Part A. Similarly, the term "grant" in Part A refers to financial awards to individuals; it does not include so-called "block grants" which are provided to states or localities, since that would give the word an entirely different meaning than the other terms in that Part. (This interpretation follows the traditional canon of statutory construction, *noscitur a sociis,* that provides that "words grouped in a list should be given related meaning." *Dole* v. *United Steelworkers of America,* 494 U.S. 26, 36 (1989) (*citing Massachusetts* v. *Morash,* 490 U.S. 107, 114–15 (1989) (*quoting Schreiber* v. *Burlington,* 472 U.S. 1, 8 (1985).)

If a benefit does not fall within Part A of the definition, it must be determined whether the benefit is a "Federal public benefit" under Part B: "any retirement, welfare, health, disability, public or assisted housing, postsecondary education, food assistance, unemployment benefit, or any other similar benefit for which payments or assistance are provided to an individual, household, or family eligibility unit by an agency of the United States or by appropriated funds of the United States."

To qualify as a "Federal public benefit" under Part B, a benefit must satisfy two conditions. First, the benefit must be one of those enumerated in section 401(c)(1)(B), that is, a "retirement, welfare, health, disability, public or assisted housing, postsecondary education, food assistance, [or] unemployment benefit," or be a "similar benefit." Second, a program's benefits or assistance must be provided to an "individual, household or family eligibility unit by an agency of the United States or by appropriated funds of the United States."

Although the litany of categories in 401(c)(1)(B) is broad, it is not comprehensive and clearly excludes certain categories from the definition. For example, by explicitly identifying "postsecondary education" the statute excludes non-postsecondary education programs, such as Head Start and elementary and secondary education.

With respect to the second condition, the phrase "individual, household, or family eligibility unit" is particularly ambiguous and requires clarification. At the outset we interpret the phrase to narrow the set of benefits that fall within Part B of the definition. This point is best illustrated by comparing "Federal public benefits" in PRWORA to the term "Federal benefit" in IIRIRA. Section 561 of IIRIRA contained a provision that increased criminal penalties for forging Federal documents in order to prevent the fraudulent receipt of "Federal benefits."

"Federal benefit" is defined in IIRIRA as: "(A) the issuance of any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States; and (B) any retirement, welfare, Social Security, health (including treatment of an emergency medical condition in accordance with section 1903(v) of the Social Security Act (19 USC 1396b(v)), disability, veterans, public housing, education, food stamps, or unemployment benefit, or any similar benefit for which payments or assistance are provided by an agency of the United States or by appropriated funds of the United States." IIRIRA's definition of "Federal benefit" is nearly the same as PRWORA's definition of "Federal public benefit" but with some significant differences. First, the definition of "Federal benefit" contained a more comprehensive list of benefits than that found in PRWORA's definition of "Federal public benefit."

Second, the "Federal benefit" definition *did not* include the phrase "individual, household, or family eligibility unit." The term "Federal public benefit," therefore, should be construed more narrowly than "Federal benefit." In addition, the PRWORA Conference Report contains language confirming the limiting effect of the phrase "individual, household, or family eligibility unit." In describing the application of the "Federal public benefit" definition to one particular program—Title I, Part A of the Elementary and Secondary Education Act (ESEA)—the conference report stated that it was "[t]he intent of the conferees" that it "not be affected by section 401 *because the benefit is not provided to an individual, household, or family eligibility unit.*" [H.R. Conference Report No. 104–725 at 380 (1996) (emphasis added)]. Given Congress' assessment that the benefits conferred under the ESEA are not provided to "individual, household, or family eligibility units," ESEA benefits are not "federal public benefits." In sum, these points confirm that Congress included the phrase "individual, household, or family eligibility unit" in the definition in order to limit those benefits that would not be available to non-qualified aliens.

We interpret the phrase "individual, household, or family eligibility unit" to refer to benefits that are (1) provided to an individual, household, or family, and (2) the individual, household, or family must, as a condition of receipt, meet specified criteria (e.g., a specified income level or residency) in order to be conferred the benefit, that is, they must be an "eligibility unit." Such benefits do not include benefits that are generally targeted to communities or specified sectors of the population (e.g., people with particular physical conditions, such as a disability or disease; gender; general age groups, such as youth or elderly). For example, in order for a program to be determined to provide benefits to "eligibility units" the authorizing statute must be interpreted to mandate ineligibility for individuals, households, or families that do not meet certain criteria, such as a specified income level or a specified age.

Many HHS programs are targeted to meet the needs of certain populations such as children or pregnant women. But unless the authorizing statutes require that the characteristics of these groups form the basis for denial of services or benefits, these are not benefits that go to "eligibility units." The authorizing statutes of these programs identify populations with specific characteristics to clarify the types of services that should be

Exhibit C to Johnson Decl.
Case No. 2:25-cv-00781-RSM
Page 2 of 4

provided; they do not contemplate that providers use variations in individual characteristics as a basis for determining eligibility, on a case by case basis. Therefore a benefit targeted to certain populations based on their characteristics, such as a benefit provided under the Maternal and Child Health program, which provides health services to women and children, is *not* a ''Federal public benefit.''

Some programs may provide a mixture of services, some of which are provided to ''individual, household, or family eligibility units,'' and others that are provided to communities or specified sectors of the population. Programs that are primarily designed to target and provide services to communities should not be burdened with new verification procedures merely because they may include some services that flow more directly to the individual, household or family. Therefore, we have determined that a preponderance of a program's services must be provided to individual, household, or family eligibility units in order to be considered a ''Federal public benefit'' program under this Notice.

### III. HHS Programs

After a review of HHS programs, we have determined that the following programs provide ''Federal public benefits,'' are not otherwise excepted from the eligibility restrictions imposed by 401(a) of PRWORA:

Adoption Assistance
Administration on Developmental Disabilities (ADD)—State Developmental Disabilities Councils (direct services only)
ADD—Special Projects (direct services only)
ADD—University Affiliated Programs (clinical disability assessment services only)
Adult Programs/Payments to Territories
Agency for Health Care Policy and Research Dissertation Grants
Child Care and Development Fund
Clinical Training Grant for Faculty Development in Alcohol & Drug Abuse
Foster Care
Health Profession Education and Training Assistance
Independent Living Program
Job Opportunities for Low Income Individuals (JOLI)
Low Income Home Energy Assistance Program (LIHEAP)
Medicare
Medicaid (except assistance for an emergency medical condition)
Mental Health Clinical Training Grants
Native Hawaiian Loan Program
Refugee Cash Assistance
Refugee Medical Assistance
Refugee Preventive Health Services Program
Refugee Social Services Formula Program
Refugee Social Services Discretionary Program
Refugee Targeted Assistance Formula Program
Refugee Targeted Assistance Discretionary Program
Refugee Unaccompanied Minors Program
Refugee Voluntary Agency Matching Grant Program
Repatriation Program
Residential Energy Assistance Challenge Option (REACH)
Social Services Block Grant (SSBG)
State Child Health Insurance Program (CHIP)
Temporary Assistance for Needy Families (TANF)

This does not mean, however, that all benefits or services provided by these programs are ''Federal public benefits'' and require verification. For example, some states may provide LIHEAP funds for weatherization of multi-unit buildings. These funds would not be considered a ''Federal public benefit'' since the eligibility of individuals, households, or family units is not considered in determining whether such funds will be used to improve the building. Other programs that have been determined to provide ''Federal public benefits'' under this Notice should consult their Federal program administrators if it is believed that some of the program's services do not constitute ''Federal public benefits.''

Although SSBG does not have statutorily mandated eligibility criteria and therefore would not be included in our definition of ''Federal public benefits'' as explained in section III above, its inclusion in section 402 as a ''federally designated program'' for which States can determine the eligibility of qualified aliens suggests that the SSBG program be classified as providing ''Federal public benefits.'' Otherwise, we would leave open the possibility of a state denying qualified aliens SSBG benefits or services while maintaining access to such benefits or services to non-qualified aliens.

Services or benefits that are wholly funded by state or local governments may be ''state or local public benefit(s)'' as defined in section 411(c) of PRWORA. However, services or benefits that are wholly or partially funded with HHS resources must comply with the interpretation provided in this Notice.

The Department of Justice issued a Notice, dated November 17, 1997, entitled ''Interim Guidance on Verification of Citizenship, Qualified Alien Status and Eligibility Under Title IV of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996'', at 62 *Fed Reg* 61344 (the ''Interim Guidance'') to assist affected providers in performing the verification procedures necessary to determine which aliens are ''qualified aliens''. Providers are encouraged to review that guidance in order to understand the several important exemptions detailed there. These exemptions include those for: nonprofit charitable organizations; the provision of emergency medical care and certain other immunizations and treatments; the protection of certain battered aliens, and the provision of in-kind, community based services that are not contingent on income or resources and are necessary for the protection of life and safety. Further information regarding these exemptions is included below (section IV).

### IV. Exemptions

Congress created specific exemptions to the verification requirements. Therefore, in addition to the programs identified above, some HHS programs have eligibility requirements in statute but are otherwise specifically exempted under the provisions of section 401(b).

Section 401(b)(1)(C), exempts ''public health assistance...for immunizations with respect to immunizable diseases and for testing and treatment of symptoms of communicable diseases whether or not such symptoms are caused by a communicable disease.'' This exemption, designed to protect public health, excludes some HHS programs from the definition of ''Federal public benefits.''

Services or assistance specified by the Attorney General that (i) deliver in-kind services at the community level; (ii) do not condition the provision of assistance, the amount of assistance provided, or the cost of assistance provided on the individual recipient's income or resources; and (iii) are necessary for the protection of life or safety are also exempted. The Attorney General published general guidance on August 30th, 1996 regarding which types of services and benefits meet these criteria at 61 FR 45985. We have reviewed our programs and have determined that a number of programs meet this criteria.

Section 432(d) of PRWORA (added by Section 508 of IIRIRA) exempts all providers that are nonprofit charitable organizations from these verification rules, even if they provide services or benefits funded by the HHS programs identified in this notice. Refer to the Department of Justice's Interim Guidance for more information on the applicability of these exemptions.

### V. Comment Period and Effective Date

Although HHS is soliciting public comment on this interpretation, we believe that it is necessary to apply this interpretation to HHS programs immediately, prior to receipt and consideration of any comments.

Exhibit C to Johnson Decl.
Case No. 2:25-cv-00781-RSM
Page 3 of 4

PRWORA was enacted in August, 1996, and since that time HHS has received numerous inquiries regarding the application of the term ''Federal public benefit.'' Additional delay will cause costly, unnecessary and/or incorrect administrative actions by agencies or entities that administer our programs. We also believe it is possible that due to confusion about the application of the term ''Federal public benefit'' people may have been denied critical benefits and services for which, under this interpretation, they are eligible. Without prompt issuance of this interpretation, state and local governments and other public and private benefit providers will remain confused over how to implement the requirements of Title IV of PRWORA. Finally, some states have indicated their intention to define the term ''Federal public benefit'' on their own if Federal guidance is not forthcoming soon. Independent interpretations by states will only compound the confusion on this issue since there is no certainty that each state will arrive at the same definition of the term. In sum, although we are providing a 60-day period for public comment, this interpretation is effective immediately.

## VI. Economic Impact

The Department has analyzed the costs and benefits of this notice to determine whether it has a substantial economic effect on the economy as a whole, on states, or on small entities. The purpose of this analysis was to identify less burdensome or more beneficial alternatives and thereby to influence the requirements imposed by the notice. This interpretation requires verification only for those activities within programs that have eligibility units defined by statutory eligibility criteria. Otherwise, a great deal of needless and costly verification might have been undertaken.

PRWORA creates major economic effects, a large portion of which results from changes in the law relating to immigrants' eligibility for Federal benefits. However, these effects are essentially due to other provisions of PRWORA, such as sections 402, 403 and 421, which alter the eligibility rules for certain mandatory spending programs and are largely in effect. This Notice provides clarifying guidance as to which HHS programs are subject to the existing PRWORA requirements regarding immigrants' eligibility for ''Federal public benefits,'' thereby avoiding confusion among administering agencies, grantee agencies, benefit providers, and the public on the question of which programs must institute new eligibility and verification procedures. Therefore, the interpretation does not have an economic impact, and it does not affect the overall spending levels for any discretionary-funded HHS program. Nor does this interpretation create burdens or mandates on states or small entities.

As a result we have determined that this notice is not economically ''significant'' under Executive Order 12866's criterion of an economic effect of more than $100 million. For the same reason, it is not classified as a ''major rule'' for purposes of Congressional review under 5 U.S.C. § 801 et. seq., Subtitle E of the Small Business Regulatory Enforcement Fairness Act of 1996 (Pub. L. 104–121).

Dated: July 27, 1998.

**Donna E. Shalala,**

*Secretary.*

[FR Doc. 98–20491 Filed 8–3–98; 8:45 am]

**BILLING CODE 4140–04–P**

Exhibit C to Johnson Decl.
Case No. 2:25-cv-00781-RSM
Page 4 of 4