The Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| WASHINGTON STATE ASSOCIATION OF HEAD START AND EARLY CHILDHOOD ASSISTANCE AND EDUCATION PROGRAM; ILLINOIS HEAD START ASSOCIATION; PENNSYLVANIA HEAD START ASSOCIATION; WISCONSIN HEAD START ASSOCIATION; FAMILY FORWARD OREGON; and PARENT VOICES OAKLAND,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ANDREW GRADISON, in his official capacity as Acting Assistant Secretary of the Administration for Children and Families; ADMINISTRATION FOR CHILDREN AND FAMILIES; OFFICE OF HEAD START; and TALA HOOBAN, in her official capacity as Acting Director of the Office of Head Start,<br><br>Defendants. | Case No. 2:25-cv-00781-RSM<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT |

Defendants oppose Plaintiffs' motion for leave to amend their complaint to add a claim challenging HHS's Notice reinterpreting the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (PRWORA) because it is futile.

## LEGAL STANDARDS

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a party's pleading "should [be] freely give[n] ... when justice so requires," because the purpose of the rule is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011) (alterations in original) (citation and quotation marks omitted)). Nevertheless, the "general rule that parties are allowed to amend their pleadings ... does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal." *Id.* (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (citations omitted)).

Futility alone can justify a court's refusal to grant leave to amend. *Id.* (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). "Futility of amendment is analyzed much like a Rule 12(b)(6) motion to dismiss—an amended complaint is futile when it would be subject to dismissal." *Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.*, 491 F. Supp. 3d 738, 739 (S.D. Cal. 2020); *Woods v. First Am. Title, Inc.*, 2011 WL 13218022, at *2 (C.D. Cal. Sept. 20, 2011).

## ARGUMENT

For the same reasons set forth in Defendants' opposition to Plaintiffs' motion for a temporary restraining order, Plaintiffs fail to state a claim under the Administrative Procedures Act (APA) to challenge HHS's Notice reinterpreting PRWORA.

### A. The Notice complies with the Head Start Act and APA procedures for interpretive rules governing grant programs.

Even assuming the Notice qualifies as a "final agency action," it did not violate the requirements of the APA. As the Notice states, "post-promulgation notice and immediate effectiveness are consistent with the Administration Procedure Act, pursuant to 553(b)(A) and

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT
[2:25-cv-00781-RSM] - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

(d)(2)." The cited provision at 5 U.S.C. § 553(b)(A) excepts interpretive rules from the notice and comment requirements of the APA and the cited provision at 5 U.S.C § 553(d)(2) excepts interpretive rules from the requirement that rules be published 30 days before their effective date.

This Notice is an interpretive rule. An interpretive rule is a rule issued by an agency to advise the public of the agency's construction of the statutes it administers. *Perez v. Mortgage Bankers*, 575 U.S. 92, 96 (2015). The Notice advises the public of the agency's construction of the definition of "Federal public benefit" under PRWORA, 8 U.S.C. § 1611. This approach is consistent with HHS's actions in 1998. Similar to this notice, the 1998 interpretation was issued as a notice with a comment period that was effective on the date of publication. The fact that the previous interpretation was longstanding does not alter the procedural requirements - no additional requirements are necessary to amend an interpretive rule. *See Perez*, 575 U.S. at 103 (rejecting the argument that the rule having been a definitive prior interpretation requires additional procedures.)

Even if the Court were to find the PRWORA notice to be a legislative rule, the notice and comment and effective date requirements would still not apply. Pursuant to the APA at 5 U.S.C. § 553(a)(1), the procedural requirements of the APA do not apply to matters relating to grants. The notice explains how 8 U.S.C. § 1611 applies to HHS grant programs. *See* Dkt. 88-2 (Johnson Decl., Ex. B).

Nor did the process for changing the interpretation of Federal Public Benefit in PRWORA conflict with the procedures in the Head Start Act. The Head Start Act requires that the Secretary by regulation "prescribe the eligibility for the participation of persons in Head Start programs" and then lists certain requirements in the regulation. 42 U.S.C. § 9840. HHS did just as required and issued regulations on eligibility at 45 CFR § 1302.12. But nothing in the language requiring HHS to issue regulations prohibits Congress from prescribing other eligibility requirements for the Head Start program through other laws. As for the consultation requirements in 42 U.S.C.

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT
[2:25-cv-00781-RSM] - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

§§ 9836A(a)(1)-(2), these only apply to modification of the Head Start regulations. It would not apply as here to the interpretation of a separate applicable statute.

### B. Head Start is accurately described as providing "another similar benefit" under PRWORA.

The notice announced that it will interpret the phrase "any other similar benefit" in line with plain meaning: any other benefit that is "alike in substance or essentials" to or that "[has] characteristics in common" with "retirement, welfare, health, disability, public or assisted housing, postsecondary education, food assistance, [or] unemployment benefit[s]." *Merriam-Webster.com Dictionary,* Merriam-Webster, *https://www.merriam-webster.com/dictionary/similar.* (Accessed 13 Apr. 2025), 8 U.S.C. § 1611(c)(1)(B); s*ee also United States* v. *Raynor,* 302 U.S. 540, 547 (1938) ("Similarity is not identity, but resemblance between different things."). The notice went on to state that this approach is fully consistent with the canon of *ejusdem generis:* "Where general words follow specific words in a statutory enumeration, the general words are usually construed to embrace" "objects *similar in nature* to those objects enumerated by the preceding specific words." *Yates* v. *United States,* 574 U.S. 528, 545 (2015) (alterations omitted, emphasis added); *See* Dkt. 88-2, pgs. 14-15.

Based on this interpretation of "any other similar benefit," HHS believes that Head Start is a "similar benefit" to a welfare benefit. While the term "welfare" is not defined in PRWORA, it can be given a fair reading in its plain meaning and agency usage. The broad sweep of "welfare" described in the preamble in section 400 of PRWORA, 8 U.S.C. § 1601, supports a broad reading of "welfare" and any "similar benefit", as do other laws enacted around the same time. The Administration for Children and Families also defines "welfare" specifically in the context of services that help children: "Child welfare is a continuum of services designed to ensure that children are safe and that families have the necessary support to care for their children

DEFENDANTS' OPPOSITION TO PLAINTIFFS'  
MOTION FOR LEAVE TO AMEND COMPLAINT  
[2:25-cv-00781-RSM] - 4

UNITED STATES ATTORNEY  
700 Stewart Street, Suite 5220  
Seattle, Washington 98101-1271  
206-553-7970

successfully." The Head Start Program is, at minimum, a program that provides benefits similar to those provided under the aforementioned welfare programs, which also provide means-tested assistance to families and individuals. *See* Dkt. 88-2, pgs. 15-16.

The Plaintiffs improperly focus their arguments around whether Head Start should be considered to provide welfare or another similar benefit on the idea that welfare only means cash payments. This ignores the fact that the Temporary Assistance for Needy Families (TANF), the replacement program for Aid to Families with Dependent Children (AFDC) which was commonly referred to as 'welfare' is much more than just cash payments. Jurisdictions have considerable flexibility with TANF funds to implement programs to best serve their communities. *See* https://acf.gov/ofa/programs/temporary-assistance-needy-families-tanf.

Plaintiffs also ignore that Head Start is not just an educational program. It is an anti-poverty program that provides for school readiness, it also provides low-income children and their families with "health, educational, nutritional, and social and other services, that are determined based on family needs assessment, to be necessary." 42 U.S.C. §§ 9831, 9833. Further, it may serve as childcare for parents of young children. These benefits provided by the Head Start program are "similar" to "welfare" benefits. *See* Dkt. 88-2, pg. 16.

### C. Head Start provides services to individuals children and their families and thus provides benefits that fit into the definition of "Federal Public Benefit."

Plaintiffs argue that Head Start is not a "Federal Public Benefit" because it delivers programs to communities rather than individuals, households, or family eligibility units. As an initial matter, programs for communities are not an exception within the text of PRWORA. Nor would it make much sense if it were, because many grant programs provide funding to state, local governments and non-profit organizations that then provide services in local communities. But the question is not whether the grants serve a community, but whether there are specific individuals,

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT
[2:25-cv-00781-RSM] - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

households, or family eligibility units meeting certain criteria who receive the actual benefits. For Head Start, the health, educational, nutritional, social, and other services are provided to children and their families who meet certain eligibility criteria. 42 U.S.C. §§ 9831, 9840. These children are the individuals, households, and family eligibility units that receive the Head Start benefits.

### D. The Notice does not conflict with the Head Start Act since PRWORA applies notwithstanding all other laws.

Plaintiffs argue that the Notice creates a direct conflict between PRWORA and the Head Start Act, specifically Congress' directive that certain children shall be eligible for Head Start. However, the PRWORA eligibility prohibitions exist "notwithstanding any other provision of law." 8 U.S.C § 1611. As a general proposition[,]…statutory 'notwithstanding' clauses broadly sweep aside potentially conflicting laws. *Washington v. Devos*, 2020 WL 4275041 (E.D. Wash. July 24, 2020) (quoting *United States v. Novak*, 476 F.3d 1041, 1046 (9th Cir. 2007)). Although a notwithstanding any other law clause can be overridden by other statutory clauses, Congressional intent to override the clause must be clear. *Id*. The Head Start Act provisions prescribing eligibility for certain children based on income or homelessness does not manifest an intention to repeal the PRWORA requirements on eligibility based on immigration status. Nor does the cannon that a more specific statute controls over a more general one apply here. *See Morton v. Mancari*, 417 U.S. 535 (1974). It is not clear which statute is more specific. The Head Start governs overall eligibility for the Head Start Act, but PRWORA governs specific eligibility for immigrants in Federal programs. The best way to reconcile PRWORA and the Head Start Act is to assume that the eligibility criteria in the Head Start Act apply in addition to the criteria in PRWORA. Moreover, where, as here, an act is both later in time and more specific, the "specific policy embodied in a later federal statute should control our construction of the [earlier] statute." *Food & Drug Admin.*

DEFENDANTS' OPPOSITION TO PLAINTIFFS'  
MOTION FOR LEAVE TO AMEND COMPLAINT  
[2:25-cv-00781-RSM] - 6

UNITED STATES ATTORNEY  
700 Stewart Street, Suite 5220  
Seattle, Washington 98101-1271  
206-553-7970

*v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 143 (2000) (quoting *United States v. Estate of Romani*, 523 U.S. 517, 530 (1998)).

### E. The Notice is not arbitrary or capricious.

The Administrative Procedure Act, which sets forth the full extent of judicial authority to review executive agency action for procedural correctness, permits the setting aside of agency action that is "arbitrary" or "capricious." *F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502, 513 (2009) (internal citations omitted); 5 U.S.C. § 706(2)(A). Under this "narrow" standard of review, an agency must "examine the relevant data and articulate a satisfactory explanation for its action." *Id.* (citing *Motor Vehicle Mfrs. Ass'n of United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). However, "a court is not to substitute its judgment for that of the agency," and should "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Id.* at 513-14 (quoting *Bowman Transp., Inc. v. Arkansas–Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974)).

In *Fox*, the Supreme Court considered the application of the APA to agency decisions to change position and held that an agency must provide a "reasoned explanation" for its action. *Fox*, 556 U.S. at 514-15. The Ninth Circuit has determined that "[a] policy change complies with the APA if the agency (1) displays 'awareness that it is changing position;' (2) shows that 'the new policy is permissible under the statute;' (3) 'believes' the new policy is better, and (4) provides 'good reasons' for the new policy, which, if the 'new policy rests upon factual findings that contradict those which underlay its prior policy,' must include 'a reasoned explanation ... for disregarding facts and circumstances that underlay or were engendered by the prior policy." *Organized Village of Kake v. U.S. Dep't of Agric.*, 795 F.3d 956, 966 (9th Cir. 2015) (quoting *Fox*, 556 U.S. at 515-16).

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT
[2:25-cv-00781-RSM] - 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

The agency "need not demonstrate to a court's satisfaction that the reasons for the new policy are *better* than the reasons for the old one; it suffices that the new policy is permissible under the statute, that there are good reasons for it, and that the agency *believes* it to be better, which the conscious change of course adequately indicates." *Fox*, 556 U.S. at 515 (emphasis in original).

Here, HHS has met all the *Fox/Kake* requirements to comply with the APA. First, it has displayed awareness that it is changing position. Second, it has shown the new interpretation is permissible under the statute. Third, HHS believes the new interpretation is better than the old policy. And fourth, HHS has provided good reasons, including a detailed and reasoned explanation, for the new interpretation.

*Displayed awareness that it is changing its position.* HHS explains that it believes the change is necessary because it believes that the previous interpretation was inconsistent with the plain text of PRWORA. Dkt. 88-2, pg. 21 (citing *Fox*, 556 U.S. at 515).

*Shown that the new policy is permissible under the statute.* As the notice explains in detail, the new interpretation adheres closely to the plain language of the statute. The agency determined that Head Start is similar to a welfare benefit because it provides means tested assistance to families and individuals including "health, educational, nutritional, and social and other services" to meet the needs of families. *See* Dkt. 88-2, pgs. 6-17. Further, the notice looked carefully at the text of PRWORA regarding individual, household, or eligibility unit and determined that benefits are Federal public benefits "as long as they are provided on either a per-individual, per household, or per 'family eligibility unit' basis." *Id.*

*HHS believes the new policy is better than the old policy.* The conscious change of course adequately indicates that HHS believes the new policy is better than the old. *Fox*, 556 U.S. at 515.

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT
[2:25-cv-00781-RSM] - 8

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

And HHS's reasons supporting its belief that the new interpretation is better are adequately detailed in the Notice. Dkt. 88-2 pgs. 3-25.

*HHS has provided good reasons, including a detailed and reasoned explanation, for the new policy.* In its notice, HHS provided a detailed explanation of why it believes that this interpretation is the best and therefore the only permissible interpretation of PRWORA. *Id.*

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court deny Plaintiffs' motion for leave to amend their complaint.

DATED this 30th day of July, 2025.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

*s/ Kristin B. Johnson*
KRISTIN B. JOHNSON, WSBA #28189
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone No. (206) 553-7970
Fax No. (206) 553-4073
Email: kristin.b.johnson@usdoj.gov

Attorneys for Defendants

I certify that this memorandum contains 2,388 words, in compliance with the Local Civil Rules.

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT
[2:25-cv-00781-RSM] - 9

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970