The Honorable Ricardo S. Martinez

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| WASHINGTON STATE ASSOCIATION OF HEAD START AND EARLY CHILDHOOD ASSISTANCE AND EDUCATION PROGRAM, ILLINOIS HEAD START ASSOCIATION, PENNSYLVANIA HEAD START ASSOCIATION, WISCONSIN HEAD START ASSOCIATION, FAMILY FORWARD OREGON, and PARENT VOICES OAKLAND,<br><br>*Plaintiffs*,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ANDREW GRADISON, in his official capacity as Acting Assistant Secretary of the Administration for Children and Families; ADMINISTRATION FOR CHILDREN AND FAMILIES; OFFICE OF HEAD START; and TALA HOOBAN, in her official capacity as Acting Director of the Office of Head Start*,*<br><br>*Defendants*. | Case No. 2:25-cv-00781-RSM<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>NOTICE ON MOTION CALENDAR: AUGUST 5, 2025 |

## I. Introduction

Plaintiffs seek leave to amend their operative First Amended Complaint, ECF No. 31 ("Plaintiffs' Motion" or "Motion for Leave"), to add factual allegations and claims relating to Defendants' July 14, 2025 Immigrant Exclusion Directive, which was issued after Plaintiffs filed the operative complaint and gives rise to additional claims in this case. Defendants do not argue that that amendment would prejudice Defendants in any way, would cause undue delay in the case, or is sought in bad faith. *See* ECF No. 90. Rather, Defendants' sole challenge to Plaintiffs' Motion is that three of the four new claims pled in the Proposed Second Amended Complaint are futile.[1] *See id.* at 2. Plaintiffs' proposed claims are not futile, and Defendants fail to make any showing that they would be, instead simply repeating arguments opposing Plaintiffs' motion for a temporary restraining order. Because Plaintiffs meet the standard for amending the complaint, the Court should grant leave to amend, and decide the merits of Plaintiffs' motion for a temporary restraining order in connection with that motion.

## II. Argument

Under Federal Rule of Civil Procedure 15, leave to amend is "freely given" with "extreme liberality," and courts must grant all inferences in favor of allowing amendment. Fed. R. Civ. P. 15(a)(2); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). The party opposing amendment has the burden of showing that the amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence*, 316 F.3d at 1052 (citation and quotation omitted).

---

[1] In opposing Plaintiffs' Motion for Leave, Defendants do not object to Plaintiffs' proposed amendment to add a claim for violations of the Separation of Powers and the Spending Clause against Defendants Department of Health and Human Services ("HHS") and Robert F. Kennedy, Jr., or argue as to why Plaintiffs should not be given leave to amend to add this claim. *See* ECF No. 78 at 122–124. Because Defendants have not opposed the addition of this new constitutional claim, amendment should be granted.

REPLY IN SUPPORT OF MOTION FOR
LEAVE TO FILE SECOND
AMENDED COMPLAINT
2:25-CV-00781-RSM

- 2 -

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

1  Defendants do not argue that they would be prejudiced by amendment, which the Ninth Circuit considers "the most important factor in the Rule 15 analysis." *Ecojet, Inc. v. Luraco, Inc.*, 2017 WL 6939158, at *3 (C.D. Cal. Mar. 22, 2017) (citing *Irise v. Axure Software Solutions, Inc.*, 2009 WL 3615973 at *7 (C.D. Cal. Jul. 30, 2009)). *See also Eminence*, 316 F.3d at 1052 (prejudice is the "touchstone" of the Rule 15 inquiry). Nor do Defendants allege that Plaintiffs seek amendment in bad faith; that Plaintiffs' motion to amend was unduly delayed; or that Plaintiffs should have raised their new facts and claims in the operative complaint. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The only *Foman* factor Defendants raise is futility, but their arguments focus entirely on whether Plaintiffs should prevail on the merits of the additional claims in the proposed Second Amended Complaint, not on the questions actually pertinent to the futility inquiry under Rule 15. As explained below, Plaintiffs' proposed amendments satisfy the Rule 15 standard, and Defendants' arguments about the merits of the claims added in the Second Amended Complaint are unpersuasive, both as to leave to amend—the issue in this motion—and as to Plaintiffs' motion for a temporary restraining order, as set forth in Plaintiffs' motion for a temporary restraining order (ECF No. 79), and as will be addressed further by Plaintiffs during the August 5, 2025 hearing on that motion.

**A. Defendants' arguments are not appropriate grounds to deny a motion for leave to amend based on futility.**

To successfully oppose a motion to amend a complaint based on futility, a party must allege and demonstrate deficiencies that "could not be saved by any amendment." *Krainski v. State of Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Ed.*, 616 F.3d 963, 972 (9th Cir. 2010). This applies to fatal flaws evident on the face of the pleading such as claims brought outside of the statute of limitation or where the authorizing statute expressly prohibits the type of claims brought. *See, e.g.*, *Ghorbanian v. Guardian Life Insurance Co. of America*, 2016 WL 11782609, at *2 (W.D. Wash. Sept. 27, 2016) (denying motion for leave to amend where plaintiff's proposed claim was made outside the relevant statute of limitations); *Saul v. United*

*States*, 928 F.2d 829, 843 (9th Cir. 1991) (denying plaintiff's proposed amendment to seek injunctive relief as futile where the underlying statute precluded plaintiff from seeking injunctive relief for his asserted injuries); *see also Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 656 (N.D. Cal. 2025) ("Where a proposed amended claim involves complicated factual or legal issues, it is generally preferable for the sufficiency of that claim to be addressed on a fully briefed motion to dismiss rather than under the more circumscribed Rule 15(a) 'futility' analysis.").

Here, Defendants do not argue that Plaintiffs' proposed claims are outside the relevant statute of limitations, that Plaintiffs lack standing, or that Plaintiffs seek relief that is otherwise procedurally prohibited. Rather, Defendants merely repeat the arguments from their opposition to Plaintiffs' motion for a temporary restraining order, which involve issues going to the merit of Plaintiffs' claims. *See* ECF No. 90 at 2 ("For the same reasons set forth in Defendants' opposition to Plaintiffs' motion for a temporary restraining order, Plaintiffs fail to state a claim under the Administrative Procedures Act (APA) to challenge HHS's Notice reinterpreting PRWORA."). *See also Her Majesty Queen in Right of Canada as Represented by Minister of Agric. & Agri-Food v. Van Well Nursery, Inc.*, No. 2:20-CV-00181-SAB, 2022 WL 1841625, at *3 (E.D. Wash. Apr. 26, 2022) (granting leave to amend and finding that defendants' futility argument was "sufficiently complex that the parties are best served by waiting to assert dispositive motions once the operative complaint is in place").

Denying leave to amend based solely on the argument that Plaintiffs' claims are futile on their merits is particularly inappropriate at this early stage of litigation because Plaintiffs' proposed Second Amended Complaint adds new claims based on facts arising after the filing of the operative complaint, Defendants have not yet filed any responsive pleading, and none of Plaintiffs' claims have been tested through any dispositive motions. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."); *Broadcom Corp. v. NXP Semiconductors N.V.*, No. 813CV0829MRPMANX, 2014

REPLY IN SUPPORT OF MOTION FOR
LEAVE TO FILE SECOND                     - 4 -
AMENDED COMPLAINT
2:25-CV-00781-RSM

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

1  WL 12577095, at *3 (C.D. Cal. Mar. 12, 2014) ("[D]enying leave to amend solely on the basis
2  of futility is 'rare,' and practicality and logic counsel that where futility is the sole objection to
3  an amendment, the nonmoving party should 'consider stipulating to the amendment and
4  moving directly to dismiss or strike under Rule 12.'") (quoting William W. Schwarzer, A.
5  Wallace Tashima & James M. Wagstaffe, 2 California Practice Guide: Federal Civil Procedure
6  Before Trial 8:1515 (Rutter Group rev. ed. 2014)).

7       None of the cases Defendants cite provides an example of a court denying leave to
8  amend based solely on futility where the proposed amendment added new claims based on new
9  factual developments, nor do any of Defendants' cites provide a reason for doing so in this
10 case, where Defendants have not alleged any facial pleading deficiency. *See Pappy's Barber*
11 *Shops, Inc. v. Farmers Grp., Inc.*, 491 F. Supp. 3d 738, 739–40 (S.D. Cal. 2020) (denying
12 motion for leave to amend following dismissal of complaint, finding that the "proposed
13 amended complaint [did] not remedy the deficiencies that caused the Court to dismiss the
14 original complaint"); *Novak v. United States*, 795 F.3d 1012 (9th Cir. 2015) (affirming district
15 court's dismissal without leave to amend where the court found that amendment would be
16 futile because plaintiffs lacked standing); *Woods v. First Am. Title, Inc.*, No.
17 CV111284GHKVBKX, 2011 WL 13218022 (C.D. Cal. Sept. 20, 2011) (rejecting the proposed
18 amended complaint for failure to allege facts related to a necessary element of Plaintiffs' claim
19 but *granting* the underlying motion for leave to amend, permitting Plaintiffs to file a new
20 complaint within 21 days); *Bonin v. Calderon*, 59 F.3d 815 (9th Cir. 1995) (denial of motion to
21 amend for futility was not abuse of discretion where the proposed amended complaint merely
22 pleaded new legal theories to support existing claims).

23    **B.  The claims in the proposed Second Amended Complaint meet and exceed the
24       pleading standard.**

25      Even if a motion to amend required the Court to more closely examine the merits of
26 Plaintiffs' proposed additional claims, Plaintiffs are likely to succeed on the merits of their
27 claims, necessarily exceeding the threshold for futility, which Defendants claim should be

REPLY IN SUPPORT OF MOTION FOR
LEAVE TO FILE SECOND                         - 5 -
AMENDED COMPLAINT
2:25-CV-00781-RSM

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

evaluated under the same standards as a motion under Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 79 at 18–31. As set forth in Plaintiffs' motion for a temporary restraining order, Defendants' Immigrant Exclusion Directive violates the APA because: in issuing the Directive, Defendants failed to comply with the procedural requirements of the Head Start Act and APA (ECF No. 79 at 29–31); Head Start does not provide welfare or "another similar benefit" under PRWORA (ECF No. 79 at 23–25); Head Start is not a "federal public benefit" under PRWORA (ECF No. 79 at 19–23); the Directive conflicts with the Head Start Act (ECF No. 79 at 25–26); and the Directive is arbitrary and capricious (ECF No. 79 at 26–29).

In their opposition to the instant motion, Defendants fail to address the bulk of Plaintiffs' arguments demonstrating their likelihood of success on the merits, further demonstrating that the issues are sufficiently substantive that it is "preferable for the sufficiency of [the] claim to be addressed on a fully briefed motion to dismiss rather than under the more circumscribed Rule 15(a) 'futility' analysis." *See Entangled Media, LLC*, 348 F.R.D. at 656. *See also Padilla Constr. Co. v. Acosta*, No. CV 18-1214-GW-AGRX, 2020 WL 11673988, at *1 (C.D. Cal. Dec. 4, 2020) (finding defendants futility arguments "sufficiently-complex" such that "they are best heard in the context of a fully-briefed motion to dismiss, in which Defendants will have the opportunity to file both the motion and a reply brief").

### III.  Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for leave to file the proposed Second Amended Complaint.

REPLY IN SUPPORT OF MOTION FOR
LEAVE TO FILE SECOND
AMENDED COMPLAINT
2:25-CV-00781-RSM

- 6 -

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

The undersigned certifies that this brief contains 1,708 words, in compliance with the Local Civil Rules.

| Dated: August 4, 2025 | Respectfully submitted, |
|---|---|
| **Attorneys for Plaintiffs**<br><br>Ming-Qi Chu (*pro hac vice*)<br>Jennesa Calvo-Friedman (*pro hac vice*)<br>Linda S. Morris* (*pro hac vice*)<br>*admitted in State of Maryland<br>Sania Chandrani<br>AMERICAN CIVIL LIBERTIES<br>    UNION FOUNDATION<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Tel: (212) 549-2500<br>mchu@aclu.org<br><br>Michelle Fraling (*pro hac vice*)<br>AMERICAN CIVIL LIBERTIES<br>    UNION FOUNDATION<br>915 15th Street NW, 6th Floor<br>Washington DC, 20005<br>Tel: (917) 710-3245<br>michelle.fraling@aclu.org<br><br>Laboni A. Hoq (*pro hac vice*)<br>HOQ LAW APC<br>AMERICAN CIVIL LIBERTIES<br>    UNION FOUNDATION<br>    (Cooperating Attorney)<br>P.O. Box 753<br>South Pasadena, CA 91030<br>Tel: (213) 977-9004<br>laboni@hoqlaw.com | By:    /s/   La Rond Baker<br>La Rond Baker (WSBA No. 43610)<br>Brent Low (WSBA No. 61795)<br>David Montes (WSBA No. 45205)<br>AMERICAN CIVIL LIBERTIES<br>    UNION OF WASHINGTON<br>P.O. BOX 2728<br>Seattle, Washington 98111-2728<br>Tel: (206) 624-2184<br>baker@aclu-wa.org<br><br>Kevin M. Fee (*pro hac vice*)<br>Allison Siebeneck (*pro hac vice*)<br>ROGER BALDWIN FOUNDATION OF<br>    ACLU, INC.<br>150 N. Michigan Ave, Suite 600<br>Chicago, IL 60601<br>Tel: (312) 201-9740<br>kfee@aclu-il.org<br><br>Lindsay Nako (*pro hac vice*)<br>Lori Rifkin (*pro hac vice*)<br>Fawn Rajbhandari-Korr (*pro hac vice*)<br>Meredith Dixon (*pro hac vice*)<br>Megan Flynn (*pro hac vice*)<br>IMPACT FUND<br>2080 Addison Street, Suite 5<br>Berkeley, CA 94704<br>Tel: (510) 845-3473<br>lrifkin@impactfund.org |
| S. Starling Marshall (*pro hac vice*)<br>CROWELL & MORING LLP<br>Two Manhattan West<br>375 Ninth Avenue<br>New York, NY 10001 | Edward T. Waters (*pro hac vice*)<br>FELDESMAN LEIFER LLP<br>1129 20th Street NW, 4th Floor<br>Washington, DC 20036<br>Tel: (202) 466-8960 |

| | |
|---|---|
| Tel: (212)223-4000<br>Smarshall@crowell.com<br><br>Skye Mathieson (*pro hac vice*)<br>Lucy Hendrix (*pro hac vice* forthcoming)<br>Emily P. Golchini (*pro hac vice*)<br>CROWELL & MORING LLP<br>1001 Pennsylvania Ave NW<br>Washington, DC 20004<br>Tel: (202)624-2500<br>Smatheison@crowell.com | ewaters@feldesman.com |

REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
2:25-CV-00781-RSM

- 8 -

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184