UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON STATE ASSOCIATION OF HEAD START AND EARLY CHILDHOOD ASSISTANCE AND EDUCATION PROGRAM, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services, *et al.*,<br><br>Defendants. | Case No. C25-781-RSM<br><br>ORDER RE: PLAINTIFFS' MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

This matter comes before the Court on Plaintiffs' Motions for Preliminary Injunction, Dkt. #37, and for Temporary Restraining Order ("TRO"), Dkt. #79.

On May 16, 2025, Plaintiffs filed a Motion for Preliminary Injunction, requesting that this Court enjoin Defendants and their respective agents from enforcing or implementing Defendants' "DEIA Ban" and from any further actions to implement mass layoffs or office closures in the Office of Head Start ("OHS"), and for the Court to postpone the effective dates of the DEIA Ban and OHS mass layoffs and closures. Dkt. #37.

This "DEIA Ban" consists of:

(1) the Administration for Children and Families' March 14, 2025, Letter to Head Start grant recipients, informing them that OHS would no longer approve funding for any Diversity, Equity, and Inclusion ("DEI") activities;

(2) the Department of Health and Human Services' ("HHS") April 16, 2025, amended Grant Policy Statement, adding a certification that grantees would not operate any

ORDER - 1

programs advancing or promoting "DEI, DEIA[1], or discriminatory equity ideology in violation of Federal anti-discrimination laws."

(3) President Trump's January 29, 2025, Executive Order "Ending Radical and Wasteful Government DEI Agencies and Preferencing," No. 14151, 90 Fed Reg. 8339; and

(4) President Trump's January 31, 2025, Executive Order "Ending Illegal Discrimination and Restoring Merit-Based Opportunity," No. 14173, 90. Fed. Reg. 8633.

The OHS mass layoffs and office closures references further implementation of:

(1) President Trump's February 11, 2025, Executive Order "Implementing the President's 'Department of Government Efficiency' Workforce Optimization Initiative," No. 14210, 90 Fed. Reg. 9669;

(2) HHS' March 27, 2025, Directive, announcing mass layoffs and office closures;

(3) HHS' April 3, 2025, e-mail to Head Start grant recipients, announcing the department's restructuring in force plans and the consolidations of Head Start Regional Offices.

Dkt. #37-1 (Proposed Order).

On July 21, 2025, Plaintiffs filed a TRO Motion, requesting that the Court enjoin Defendants and their respective agents from enforcing or implementing HHS' July 14, 2025, "Personal Responsibility and Work Opportunity Act of 1996 (PRWORA); Interpretation of 'Federal Public Benefit,'" 90 Fed. Reg. 31232, reinterpreting "Federal Public Benefit" to include Head Start Programs, thus denying non-qualified immigrants from Head Start services. Dkt. #79. Plaintiffs also requested that the Court postpone the effective date of this new interpretation. *Id*.

On August 5, 2025, the Court held oral argument on the instant Motions. Regarding the

---

[1] The Court understands this to mean Diversity, Equity, Inclusion, and Accessibility

ORDER - 2

TRO, the Government's counsel stated that Defendants have already stipulated in another action to not enforcing HHS' new interpretation of "Federal Public Benefit" until September 10, 2025, with regard to Head Start programs in several states, including Washington, California, Illinois, and Wisconsin. Counsel then announced that he was authorized by his clients to include Pennsylvania, thus making all Plaintiffs in this case covered by the stipulation until September 10, 2025, and rendering the requested relief moot.

This stipulation comes from a pending preliminary injunction motion in the District of Rhode Island, where the Government has agreed to stay enforcement and application of HHS' new interpretation until September 10, 2025, in all plaintiff states, with no enforcement or application to any conduct or funds prior to September 11, 2025. D.R.I. Case No. 1:25-cv-00345-MSM-PAS, Dkt. #46.

Given Defendants' stipulation, the Court finds the requested relief in Plaintiffs' TRO Motion moot for the duration of a TRO Order. *See* Fed. R. Civ. P. 65(b). By effectively conceding this relief, the Government has only delayed answering critical questions at issue in this case. The Court will thus schedule a Preliminary Injunction Hearing on this matter consistent with the procedures set forth in Rule 65(b).

Regarding Plaintiffs' Preliminary Injunction Motion, Dkt. #37, changes in the referenced directives and actions in other cases have come to this Court's attention.

First, on July 24, 2025, HHS issued a new Grants Policy Statement that no longer contains the anti-DEIA provision from the April 16 Statement. Instead, the new Statement's "Civil Rights Assurance" clause provides that HHS grant "recipients certify compliance with all federal antidiscrimination laws[,]" that this "is a material condition of receiving federal funding streams[,]" and "[r]ecipients are responsible for ensuring subrecipients, contractors, and partners

also comply."[2]

Second, on July 29, 2025, the Office of the Attorney General issued a memorandum to all federal agencies titled "Guidance for Recipients of Federal Funding Regarding Unlawful Discrimination," providing "guidance [that] clarifies the application of federal antidiscrimination laws to programs or initiatives that may involve discriminatory practices, including those labeled as Diversity, Equity, and Inclusion ("DEI") programs."[3]

Third, on July 1, 2025, the District Court of Rhode Island granted a preliminary injunction to enjoin the defendants (including HHS, ACF, and their secretaries) from implementing or enforcing the restructurings in force announced in the HHS March 27 Directive "with respect to the specific sub-agencies and programs that are the subject of the instant motion." D.R.I. Case No. 1:25-cv-00196-MRD-PAS, Dkt. #73 at 56. This included any further execution, any issuance of further restructuring notices, and the placement of any additional employees on administrative leave. *Id*. OHS is one of the specific sub-agencies/programs.

Due to the above, the Court will request supplemental briefing from the parties prior to ruling on Plaintiffs' Motion for Preliminary Injunction.

Accordingly, having reviewed the instant Motions, related briefings, and the remainder of the docket, the Court hereby FINDS and ORDERS:

(1) Per Defendants' stipulation, the requested relief by Plaintiffs in their Motion for Temporary Restraining Order, Dkt. #79, is MOOT. The Court will thus convert this Motion to one for a Preliminary Injunction. This Motion shall remain on the docket, re-noted for consideration on Friday, September 5, 2025.

---

[2] *See* https://www.hhs.gov/sites/default/files/hhs-grants-policy-statement-july-2025.pdf

[3] *See* https://www.justice.gov/ag/media/1409486/dl?inline=&utm_medium=email&utm_source=govdelivery

    a. A Preliminary Injunction Hearing on the above matter is set for 10:00am on Tuesday, September 9, 2025, before the Honorable Ricardo S. Martinez, where the Court will hear further oral argument.

    b. The parties will meet and confer on the status of this case by Friday, August 22, 2025. The parties are directed to agree to any stipulated substantive or procedural facts considering this and the parallel Rhode Island case.

    c. Any supplemental briefing from either party must be filed no later than Friday, August 29, 2025, and may not exceed fifteen (15) pages from each side.

(2) The parties are also to submit supplemental briefing no later than Friday, August 15, 2025, on Plaintiffs' Motion for Preliminary Injunction, not to exceed fifteen (15) pages from each side. This supplemental briefing must address:

    a. The effect of HHS' July 2025 Grant Policy Statement on this matter, as well as any changes to HHS, ACF, or OHS administrative or national policy requirements;

    b. The effect of the Office of the Attorney General's Memorandum on "Guidance for Recipients of Federal Funding Regarding Unlawful Discrimination" on this matter;

    c. The effect of the District of Rhode Island court's preliminary injunction in Case No. 1:25-cv-00196-MRD-PAS on this matter.

DATED this 8th day of August, 2025.

RICARDO S. MARTINEZ  
UNITED STATES DISTRICT JUDGE

ORDER - 5