The Honorable Ricardo S. Martinez

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| WASHINGTON STATE ASSOCIATION OF HEAD START AND EARLY CHILDHOOD ASSISTANCE AND EDUCATION PROGRAM, ILLINOIS HEAD START ASSOCIATION, PENNSYLVANIA HEAD START ASSOCIATION, WISCONSIN HEAD START ASSOCIATION, FAMILY FORWARD OREGON, and PARENT VOICES OAKLAND,<br><br>*Plaintiffs,*<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ANDREW GRADISON, in his official capacity as Acting Assistant Secretary of the Administration for Children and Families; ADMINISTRATION FOR CHILDREN AND FAMILIES; OFFICE OF HEAD START; and TALA HOOBAN, in her official capacity as Acting Director of the Office of Head Start,<br><br>*Defendants.* | Case No. 2:25-cv-00781-RSM<br><br>**SUPPLEMENTAL DECLARATION OF JENNIE (MAUER) MAUNNAMALAI IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION RE: IMMIGRANT EXCLUSION DIRECTIVE** |

JENNIE (MAUER) MANNAMALAI
SUPPLEMENTAL DECLARATION - 1
2:25-CV-00781-RSM

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

I, Jennie (Mauer) Maunnamalai, hereby attest as follows:

1. I am over eighteen years old, of sound mind, and fully competent to make this declaration. I have personal knowledge of the factual assertions set forth below.

2. I also incorporate into this declaration the information contained in the declaration I submitted in support of Plaintiffs' Motion for Temporary Restraining Order / to Postpone Effective Date of Agency Action. ECF No. 81.

3. As I described in my prior declaration, the membership of the Wisconsin Head Start Association ("Wisconsin HSA") is comprised of Head Start and Early Head Start grantees operating programs in all of Wisconsin's 72 counties. To better serve the needs of children and families of migrant and seasonal farmworkers, one of our members operates a Migrant and Seasonal Head start program that serves families in a tristate area, including Wisconsin, Missouri, and Texas. Since my July 21, 2025 declaration, Wisconsin HSA members continue to suffer harm caused by the July 14, 2025 Notice of Interpretation (the "Immigrant Exclusion Directive") published by the Department of Health and Human Services.

4. Since the Immigrant Exclusion Directive was issued, Wisconsin HSA members have received no guidance on how they are expected to comply with it. This is a significant administrative concern for organizations that have limited, if any, experience in interpreting the nuances of different immigration statuses, and the problem is being exacerbated by the Administration's public statements. For example, while I understand that under the Immigrant Exclusion Directive, both citizens and "qualified" immigrants remain eligible for Head Start services, some programs seem to believe that participation will be limited to American citizens – as the Administration has stated in press releases and on social media.

5. Other Wisconsin HSA members have shared that the lack of specific guidance regarding eligibility and enforcement may deter any family that could potentially be profiled as an "immigrant" from applying. For example, one program operates several centers where 80-90% of the children are Hispanic. Though many of these children were born in the United States and are citizens, their parents are not. Wisconsin HSA members have received no communication

JENNIE (MAUER) MAUNNAMALAI  
SUPPLEMENTAL DECLARATION - 2  
2:25-CV-00781-RSM

A.C.L.U. OF WASHINGTON  
PO BOX 2728 SEATTLE, WA 98111-2728  
(206) 624-2184

from the Office of Head Start on whether "mixed status" families like these will remain eligible; and even if they do remain eligible, programs understand that many will be deterred from participating.

6. Further, low-income families and families experiencing homelessness often lack basic identification documents, like birth certificates, either due to unstable living situations or because the cost of obtaining those documents is a barrier. Wisconsin HSA members typically ask for a birth certificate at enrollment to verify the child's age, but if the family does not have it, they can use immunization records as an alternative. If programs must now require presentation of a birth certificate or other proof of immigration status, even families that remain eligible for services will be unable to enroll because they lack documentation to do so.

7. As the start of the new school year approaches in Wisconsin, programs across the state have experienced more difficulty in recruiting children and families, and some Wisconsin HSA members are also experiencing decreased enrollment and withdrawal from programs by currently enrolled families. For example, at least four families withdrew from one Early Head Start home-based program shortly after the Immigrant Exclusion Directive was announced. This Wisconsin HSA member operates a small program and is already in the Full Enrollment Initiative, which could result in recaptured, withheld, or reduced future funding if they are deemed chronically under-enrolled below 97% of their funded enrollment. The loss of those participants, therefore, is a significant blow to the future of the program. Because Wisconsin HSA members historically have not collected information on immigration status, the program does not know whether the families that withdrew might have in fact remained eligible, despite the new policy, and in any event they lack guidance on how to counsel families on whether they remain eligible.

Pursuant to 28 U.S.C. § 1786, I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 29, 2025

_____
Jennie (Mauer) Maunnamalai

JENNIE (MAUER) MAUNNAMALAI
SUPPLEMENTAL DECLARATION - 3
2:25-CV-00781-RSM

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184