The Honorable Ricardo S. Martinez

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| WASHINGTON STATE ASSOCIATION OF HEAD START AND EARLY CHILDHOOD ASSISTANCE AND EDUCATION PROGRAM, ILLINOIS HEAD START ASSOCIATION, PENNSYLVANIA HEAD START ASSOCIATION, WISCONSIN HEAD START ASSOCIATION, FAMILY FORWARD OREGON, and PARENT VOICES OAKLAND,<br><br>*Plaintiffs,*<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ANDREW GRADISON, in his official capacity as Acting Assistant Secretary of the Administration for Children and Families; ADMINISTRATION FOR CHILDREN AND FAMILIES; OFFICE OF HEAD START; and TALA HOOBAN, in her official capacity as Acting Director of the Office of Head Start,<br><br>*Defendants.* | Case No. 2:25-cv-00781-RSM<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO FILE NON-PARTY DECLARATION IN PSEUDONYM** |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
TO FILE NON-PARTY DECLARATION IN PSEUDONYM- 1
2:25-CV-00781-RSM

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

This matter comes before the Court on Plaintiffs' Motion to File Non-Party Declaration in Pseudonym. This Court granted a previous motion by Plaintiffs to file several declarations under pseudonym—a motion which the Defendants did not oppose. Dkt. No. 66. Because Plaintiffs have shown good cause for Mary Roe to proceed anonymously, the Motion is GRANTED.

Plaintiffs request the Declaration of Mary Roe be filed under pseudonym. Roe is the Executive Director of a Head Start agency in Wisconsin that provides high-quality early childhood services to approximately 800 underserved children ages 0 to 5. If her identify is revealed, Roe fears for the safety of herself, her family, and the children enrolled in her Head Start program and retaliation against her Head Start Agency. Roe ¶ 21-22. She would not provide this information if she is not allowed to proceed anonymously. Roe ¶ 23.

Though the usual presumption is that parties and declarants will use their real names in a case, the Ninth Circuit allows pseudonyms "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981). These "unusual cases" involve "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in the knowing the party's identity." *Id*. at 1068.

Generally, the Ninth Circuit has allowed parties or declarants to proceed anonymously: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature;' and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct.'" *Id.* (alteration in original) (internal citations omitted). When determining the need for anonymity to protect from harm, courts look to: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* (internal citations omitted).

1  Here, the Court finds that granting Plaintiffs leave to proceed anonymously with
2  the Declaration of Roe is appropriate. Roe's fear of retaliation, both personal and on her Head
3  Start agency, is reasonable and severe. In the current political environment, Roe's fears of
4  harassment and threats to physical safety are reasonable. *See Doe 1 v. Noem*, No. 2:25-
5  CV-00663-DGE, 2025 WL 1434925 (W.D. Wash. May 19, 2025); *New York v. McMahon*, No.
6  1:25-CV-10601-MJJ, 2025 WL 1478387 (D. Mass. Mar. 21, 2025); *Jones v. Trump*, No.
7  25-401, 2025 WL 485419 (D.D.C. Feb. 13, 2025); see also see also Ned Parker et al., *These*
8  *Judges Rules Against Trump. Then Their Families Came Under Attack*, Reuters (May 2,
9  2025). As this Court previously found, court activities related to recent executive orders
10 have gained extensive media coverage, public attention, and nationwide reactions. ECF 66
11 at 3.

12 Roe's fear that her Head Start Agency will be retaliated against, and nearly 800 children
13 left without early childhood education, is also reasonable. *See* Roe ¶ 22. The current
14 Administration has an established record of retaliating against people and entities that engage
15 in First Amendment protected activity opposed to the Administration's policies. *See e.g. Am.*
16 *Bar Ass'n v. U.S. Dep't of Just.*, 783 F. Supp. 3d 236, 246 (D.D.C. 2025); *President &*
17 *Fellows of Harvard Coll. v. United States Dep't of Health & Hum. Servs.*, No. 25-CV-10910-
18 ADB, 2025 WL 2528380, at *25 (D. Mass. Sept. 3, 2025); *Perkins Coie LLP v. U.S. Dep't of*
19 *Just.*, 783 F. Supp. 3d 105, 157 (D.D.C. 2025); *see also* Peter Eisler et al., *Trump's Campaign of*
20 *Retribution: At Least 470 Targets and Counting*, Reuters (Nov. 26, 2025) ("At least 470
21 people, organizations and institutions have been targeted for retribution since Trump took
22 office – an average of more than one a day.").

23 Though the "Court cannot know *ex ante* how severe" the retaliation or harm would be if
24 Roe's name was revealed, "the Court need not—and will not—expose [Declarant] to a social
25 experiment to find out." *Doe v. Noem*, 2:25-CV-00633-DGE, 2025 WL 1295664, at *2
26 (W.D. Wash. May 5, 2025) (citing *Advanced Textile Corp.*, 214 F.3d at 1071).
27

Any risk of prejudice to Defendants or the public is far outweighed by the risks to Roe. Defendants and the public are fully aware of the parties involved in this case, as this Motion involves only Declarants, not Plaintiffs. Also, "the fact that this case has been brought against the federal government, rather than private parties, supports permitting [Declarants] . . . to proceed anonymously." *International Refugee Assistance Project v. Trump*, No. TDC-17-0361, 2017 WL 818255, at *3 (D. Md. Mar. 1, 2017). Allowing Roe to proceed in pseudonym serves the public interest here because if Roe is not allowed to proceed in pseudonym, it means that the public may never learn the important information she has to share. Pseudonymity will allow more information into the public sphere.

IT IS SO ORDERED this _____ day of December, 2025.

_____
The Honorable Ricardo S. Martinez
UNITED STATES DISTRICT JUDGE

Presented by:

| | |
|---|---|
| Ming-Qi Chu (*pro hac vice*)<br>Jennesa Calvo-Friedman (*pro hac vice*)<br>Linda S. Morris* (*pro hac vice*)<br>*admitted in State of Maryland<br>Viviana Bonilla López (*pro hac vice*)<br>Lee Gelernt (*pro hac vice* forthcoming)<br>Omar Jadwat (*pro hac vice* forthcoming)<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Tel: (212) 549-2500<br>mchu@aclu.org<br><br>Laboni A. Hoq (*pro hac vice*)<br>HOQ LAW APC<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION (Cooperating Attorney)<br>P.O. Box 753 | By: ___/s/ David Montes___<br>David Montes (WSBA No. 45205)<br>La Rond Baker (WSBA No. 43610)<br>Brent Low (WSBA No. 61795)<br>AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON<br>P.O. BOX 2728<br>Seattle, Washington 98111-2728<br>Tel: (206) 624-2184<br>baker@aclu-wa.org<br><br>Kevin M. Fee (*pro hac vice*)<br>Allison Siebeneck (*pro hac vice*)<br>ROGER BALDWIN FOUNDATION OF ACLU, INC.<br>150 N. Michigan Ave, Suite 600<br>Chicago, IL 60601<br>Tel: (312) 201-9740<br>kfee@aclu-il.org<br><br>Lindsay Nako (*pro hac vice*) |

| | |
|---|---|
| South Pasadena, CA 91030<br>Tel: (213) 977-9004<br>laboni@hoqlaw.com<br><br>S. Starling Marshall (*pro hac vice*)<br>CROWELL & MORING LLP<br>Two Manhattan West<br>375 Ninth Avenue<br>New York, NY 10001<br>Tel: (212)223-4000<br>Smarshall@crowell.com | Lori Rifkin (*pro hac vice*)<br>Fawn Rajbhandari-Korr (*pro hac vice*)<br>Meredith Dixon (*pro hac vice*)<br>Megan Flynn (*pro hac vice*)<br>IMPACT FUND<br>2080 Addison Street, Suite 5<br>Berkeley, CA 94704<br>Tel: (510) 845-3473<br>lrifkin@impactfund.org |
| Skye Mathieson (*pro hac vice*)<br>Lucy Hendrix (*pro hac vice* forthcoming)<br>Emily P. Golchini (*pro hac vice*)<br>CROWELL & MORING LLP<br>1001 Pennsylvania Ave NW<br>Washington, DC 20004<br>Tel: (202) 624-2500<br>Smatheison@crowell.com | Edward T. Waters (*pro hac vice*)<br>FELDESMAN LEIFER LLP<br>1129 20th Street NW, 4th Floor<br>Washington, DC 20036<br>Tel: (202) 466-8960<br>ewaters@feldesman.com |