The Honorable Ricardo S. Martinez

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

WASHINGTON STATE ASSOCIATION OF HEAD START AND EARLY CHILDHOOD ASSISTANCE AND EDUCATION PROGRAM, ILLINOIS HEAD START ASSOCIATION, PENNSYLVANIA HEAD START ASSOCIATION, WISCONSIN HEAD START ASSOCIATION, FAMILY FORWARD OREGON, and PARENT VOICES OAKLAND,

*Plaintiffs*,

v.

ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ANDREW GRADISON, in his official capacity as Acting Assistant Secretary of the Administration for Children and Families; ADMINISTRATION FOR CHILDREN AND FAMILIES; OFFICE OF HEAD START; and TALA HOOBAN, in her official capacity as Acting Director of the Office of Head Start,

*Defendants*.

Case No. 2:25-cv-00781-RSM

**PLAINTIFFS' MOTION TO FILE DECLARATION IN PSEUDONYM, SEAL THE UNREDACTED DECLARATION OF MARY ROE, AND FOR IN CAMERA REVIEW**

NOTE ON MOTION CALENDAR: March 6, 2026

MOTION TO FILE DECLARATION IN PSEUDONYM, SEAL THE UNREDACTED DECLARATION OF MARY ROE, AND FOR IN CAMERA REVIEW -- 1 2:25-CV-00781-RSM

A.C.L.U. OF WASHINGTON PO BOX 2728 SEATTLE, WA 98111-2728 (206) 624-2184

Mary Roe's declaration in support of Plaintiffs' motion for protective order contains sensitive information that would reveal the identity of Plaintiffs' witness, putting the witness, Roe, and Roe's Head Start Agency at risk of retaliation. Plaintiffs have publicly filed Mary Roe's declaration under pseudonym, redacting only the sensitive paragraph. Plaintiffs now move for an order to (1) permit Roe to file her declaration under pseudonym, (2) seal the unredacted version of Roe's declaration, and (3) grant in camera, ex parte review of the unredacted version of Roe's declaration.

**FACTUAL BACKGROUND**

**I. Plaintiffs Filed a Motion for Protective Order after Defendants' Engaged in Retaliatory and Intimidating Actions toward Declarant Mary Roe**

On December 5, 2025, Mary Roe, the Executive Director of a Head Start Agency in Wisconsin, submitted a declaration in support of Plaintiffs' motion to supplement the preliminary injunction record. ECF No. 135-1. With leave from the Court, Roe submitted the declaration pseudonymously for fear of retaliation. ECF No. 135-1; ECF No. 141. On January 6, 2026, the Court granted Plaintiff's preliminary injunction, citing to Roe's declaration. ECF 141 at 20-21. On January 13, 2026, Defendant Office of Head Start conducted a rare unannounced review of Roe's Head Start Agency. *See* Roe Decl. ¶¶ 13-14; Maunnamalai Decl. ¶¶ 13-14, 25. Due to it being unannounced, the review was particularly burdensome and left Roe and her agency feeling wrecked. Roe Decl. ¶¶ 16-19. Though the Head Start Agency received positive feedback from the reviewers, Roe fears that the final report, which is not drafted by the same reviewers who conducted the site visit, could contain negative findings in retaliation for her declaration. *See id*. ¶ 18. On February 13, 2026, Plaintiffs filed a motion for protective order seeking an order from the Court that would bar Defendants from engaging in intimidating or retaliatory conduct toward Plaintiffs' witnesses and Head Start agencies. Roe filed a declaration in support of that motion. In her declaration, Roe included sensitive information that could lead to retaliation of a third party who provided evidence. *See id*. ¶ 24. Plaintiffs now seek to protect that sensitive information.

MOTION TO FILE DECLARATION IN PSEUDONYM,
SEAL THE UNREDACTED DECLARATION OF MARY ROE,
AND FOR IN CAMERA REVIEW -- 2
2:25-CV-00781-RSM

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

## II. Despite Meeting and Conferring, the Parties were Unable to Resolve this Issue without Court Intervention

Plaintiffs and Defendants met and conferred via a Teams video call on February 9, 2026, at 1pm PST. *See* ECF No. 149 ¶¶ 9-13 (Calvo-Friedman Decl. certifying that the meet and confer met requirements under Local Rules W.D. Wash. LCR 5(g)). Plaintiff's counsel explained that there is information in the declaration we are planning to file in support of Plaintiffs' motion for protective order that is sensitive and Plaintiffs would like to protect. *Id.* ¶ 13. Plaintiffs' counsel stated that Plaintiffs were considering a motion to seal the declaration or a protective order to protect parts of the declaration due to fear of retaliation and asked Defendants' counsel if she would be willing to stipulate to that. *Id.* Defendants' counsel said "no." *Id.* Because Defendants' counsel was unwilling or unable to engage with Plaintiffs regarding ways to protect the sensitive information, Plaintiffs are forced to seek the Court's intervention. *See id.*

## ARGUMENT

## I. Filing Mary Roe's Unredacted Declaration Under Seal is Necessary to Prevent Retaliation and Proper under FRCP Rule 26(c) and LCR 5(g)

While "[t]here is a strong presumption of public access to the court's files," Local Rules W.D. Wash. LCR 5(g), "for nondispositive motions, this presumption may be overcome by a showing of good cause," *Bittitan, Inc. v. Skykick, Inc.,* No. C15-0754RSM, 2015 WL 12159149, at *1 (W.D. Wash. Aug. 14, 2015) (internal citations omitted). "For dispositive motions, parties must make 'compelling showing' that the public's right of access is outweighed by the parties' interest in protecting the documents." *Id.* Plaintiffs' motion for a protective order is a nondispositive motion that is unrelated to the merits of the case. As a result, the standard for determining whether Roe's declaration in support of that motion should be sealed is "good cause" rather than the higher "compelling reason" standard. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, at 1179-80 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016) (finding that the good cause standard applied when the motion is both technically nondispositive and not "more than tangentially related" to the merits of the case).

MOTION TO FILE DECLARATION IN PSEUDONYM,     A.C.L.U. OF WASHINGTON
SEAL THE UNREDACTED DECLARATION OF MARY ROE,     PO BOX 2728 SEATTLE, WA 98111-2728
AND FOR IN CAMERA REVIEW -- 3     (206) 624-2184
2:25-CV-00781-RSM

Additionally, [u]nder the Western District of Washington's Local Civil Rules, the party seeking to keep materials under seal must show: (1) the legitimate private or public interests that warrant the relief sought; (2) the injury that will result if the relief sought is not granted; and (3) why a less restrictive alternative to the relief sought is not sufficient. Local Rules W.D. Wash. LCR 5(g)(3)(B); *see also Doe v. Bostock*, No. C24-0326-JLR-SKV, 2024 WL 1156312, at *3 (W.D. Wash. Mar. 18, 2024). "Evidentiary support from declarations must be provided where necessary." *Id.*

To establish good cause, courts require a particularized showing of specific harms that will result if the document is not sealed, rather than broad allegations. *See e.g.*, *Xu v. City of Los Angeles*, No. 2:23-CV-01575-FLA-SP, 2025 WL 2995480, at *4 (C.D. Cal. Sept. 4, 2025) (finding a motion to seal would be appropriate if plaintiff had provided narrow and nonspeculative allegations of harm, including information as to how or why her safety and well-being might be jeopardized, or the types of retaliation she may face, due to the disclosure); *see also Khan v. United States*, No. 2:25-CV-1522-DC-CKD (PS) WL 2142870, at *1 (E.D. Cal. July 29, 2025).

### A. Good Cause Exists to Protect Plaintiffs' Witness from Retaliation

Good cause, under FRCP 26(c), exists in this case because Plaintiffs seek to protect the identity of a witness who could face retaliation, including loss of employment, for providing information suggesting Defendant retaliated against Roe's Head Start Agency. Numerous courts in this circuit have found that protecting the identity of confidential witnesses who could face retaliation justifies sealing under both the good cause standard and the more stringent compelling reason standard that applies to dispositive motions. *See In re BofI Holding, Inc. Sec. Litig.*, No. 315CV02324GPCKSC, 2021 WL 3700744, at *1–2 (S.D. Cal. Aug. 18, 2021) (finding good cause to seal "narrowly tailored" excerpts of a deposition to protect the identities of confidential witnesses who feared retaliation and harassment given general threats and a fear-based culture while employed at Defendant's organization); *Delaittre v. Berryhill*, No. C15-1905-RAJ, 2017 WL 6310483, at *4 (W.D. Wash. Dec. 11, 2017) (finding, under the compelling reason standard, that briefing, which quoted and attached confidential documents, should remain under seal,

MOTION TO FILE DECLARATION IN PSEUDONYM,
SEAL THE UNREDACTED DECLARATION OF MARY ROE,
AND FOR IN CAMERA REVIEW -- 4
2:25-CV-00781-RSM

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

among others, because it exposed employees mentioned in the documents to the possibility of retaliation and would further avoid a chilling effect on employees exposed or subject to retaliatory or other discriminatory acts). *Khan*, 2025 WL 2142870, at *1 (finding plaintiff's "concerns about the possibility of retaliation" to be a compelling interest); *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (granting the motion to seal the home address and financial information of a confidential witness who was susceptible to retaliation and harassment under the compelling reason standard and noting the information sealed had "little or no relevance to any material issue in this case."). Indeed, where like here, "the documents discuss or reveal information about third parties not identified in or directly related to the allegations in plaintiff's complaint, the need for confidentiality is particularly compelling." *Delaittre*, 2017 WL 6310483, at *4 (citing *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 308 (6th Cir. 2016) and *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). This harm is specific, particular, and likely to occur if Roe's unredacted declaration is not sealed.

**B. Plaintiffs Have Met the Requirements of Local Rule 5(g)(3)(B) Factors**

The factors identified in Local Civil Rule 5(g)(3)(B) also support allowing the filing of Roe's declaration under seal. First, the witness' interest in being safe from retaliation, including loss of employment, is a legitimate private interest that warrants the relief sought, as numerous courts have found in holding that protecting the identity of confidential witnesses who could face retaliation justifies sealing. *See supra.* Moreover, granting this motion serves other important public interests. Protecting witnesses preserves the integrity of fact-finding and ensures that testimony is not chilled, suppressed by intimidation, or deterred by fear of retaliation. By protecting Plaintiffs' witness from retaliatory or intimidating conduct, the Court sends a clear signal that participation in judicial proceedings will not expose a witness to harm. This protection encourages individuals to come forward and provide information essential to the fair administration of justice.

MOTION TO FILE DECLARATION IN PSEUDONYM,
SEAL THE UNREDACTED DECLARATION OF MARY ROE,
AND FOR IN CAMERA REVIEW -- 5
2:25-CV-00781-RSM

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

Second, an injury will result if relief is not granted. Namely, Plaintiffs' witness could lose their employment if their identity were revealed, and this would further chill fact-finding and testimony in this case. Defendants have already demonstrated a willingness to retaliate against witnesses in this case. Indeed, Defendants' retaliatory and intimidating conduct toward Roe is what led to the very motion that the declaration we seek to file under seal supports. *See* Pls. Motion for Protective Order. Moreover, just ten days after Roe filed a declaration, she learned the program specialist that had sent her the e-mails attached as an exhibit to her declaration suddenly went on unexplained extended leave. Roe Decl. ¶¶ 3-6. These actions occurred during a time of unprecedented fear of retaliation, because over the past year the Defendants have used the enormous control they have over Head Start agencies in unpredictable and irregular ways. *See* Maunnamalai Decl. ¶¶ 19-21, 30. It is also well documented that the current Administration is willing to exact revenge on those whose speech it disagrees with. *See, e.g.*, *Am. Bar Ass'n v. U.S. Dep't of Just.*, 783 F. Supp. 3d 236, 246 (D.D.C. 2025) (concluding "[t]he ABA has made a strong showing that Defendants terminated its grants to retaliate against it for engaging in protected speech[]" and granting preliminary injunction); *President & Fellows of Harvard Coll. v. United States Dep't of Health & Hum. Servs.*, No. 25-CV-10910-ADB, 2025 WL 2528380, at *25 (D. Mass. Sept. 3, 2025) (holding "Harvard is entitled to summary judgment on its claim for First Amendment retaliation" and explaining "numerous exhibits and undisputed facts that go beyond the administrative record . . . speak to Defendants' retaliatory motive in terminating Harvard's funding"); *Perkins Coie LLP v. U.S. Dep't of Just.*, 783 F. Supp. 3d 105, 157 (D.D.C. 2025) ("[T]he record is clear that EO 14230 is motivated by retaliation for plaintiff's First Amendment protected activity.").[1]

---

[1] *See, e.g.*, Peter Eisler et al., *Trump's Campaign of Retribution: At Least 470 Targets and Counting*, Reuters (Nov. 26, 2025), https://www.reuters.com/investigates/special-report/usa-trump-retribution-tracker/ ("At least 470 people, organizations and institutions have been targeted for retribution since Trump took office – an average of more than one a day."); Nicholas Riccardi, *Trump Ran on a Promise of Revenge. He's Making Good on It*, AP (Aug. 23, 2025), https://apnews.com/article/trump-justice-department-revenge-bolton-military-deploymentsaa2b977621bce563770b60dade581f79; Michael S. Schmidt, *In Trump's Second Term, Retribution Comes in Many Forms*, N.Y. Times (Apr. 7, 2025), https://www.nytimes.com/2025/04/07/us/politics/trump-biden-law-firms-revenge.html.

MOTION TO FILE DECLARATION IN PSEUDONYM,    A.C.L.U. OF WASHINGTON
SEAL THE UNREDACTED DECLARATION OF MARY ROE,    PO BOX 2728 SEATTLE, WA 98111-2728
AND FOR IN CAMERA REVIEW -- 6    (206) 624-2184
2:25-CV-00781-RSM

Third, Plaintiffs have already opted for redacting only the portion of Roe's declaration that could reveal the identity of Plaintiffs' confidential witness. For this reason, Plaintiffs' request to seal affects only one paragraph of Roe's 24-paragraph declaration.

## II. The Serious Threat of Retaliation Requires an In Camera, Ex Parte Review of Roe's Unredacted Declaration

In camera, Ex parte review is warranted when the information needed for the Court to make a determination on an issue unrelated to the merits is highly sensitive. *Hobson v. Harper*, No. 2:22-CV-02088-JAD-MDC, 2025 WL 1905594, at *6 (D. Nev. July 9, 2025); *See e.g. Fujifilm Sonosite, Inc. v. Imaging Specialists Group, LLC*, No. C13-983 RSM, 2014 WL 1400992, at *1 (W.D. Wash. Apr. 10, 2014) (ordering counsel who filed late motion for withdrawal to provide a declaration regarding the grounds for withdrawal, for in camera review); *Hobson v. HSC Real Est., Inc.*, No. C09-361RSM, 2011 WL 13192717, at *1 (W.D. Wash. July 1, 2011) (reviewing a declaration of former counsel and supporting documentation to determine if a party had committed misconduct to justify an award of costs); *Beltran v. Avon Prods., Inc.*, 867 F. Supp. 2d 1068, 1075–76 (C.D. Cal. 2012) (noting court considered in camera unredacted portions of lawyer's time entries in deciding motion for to disqualify counsel).

Here, Defendants have already engaged in conduct that is retaliatory and chilling toward Plaintiffs' witness, Mary Roe. Mary Roe's Head Start Agency was subjected to an unannounced review and an employee who was identifiable due to information in Roe's prior declaration is on unexplained extended leave. Roe is unable to provide all relevant evidence for the Court's consideration without this protection, as she is reluctant to expose another person to the retaliation she has experienced and suspects her program specialist has experienced because of her prior declaration. *See* Roe Decl. 4-6; 24.

Importantly, Defendants are in possession of all of the information necessary to effectively respond to Plaintiffs' motion for a protective order because they possess the information to show when it was decided that Roe's Head Start Agency would have a FA1 review beginning January 13 and when it was decided the review would be unannounced. Therefore, Defendants are not

MOTION TO FILE DECLARATION IN PSEUDONYM,
SEAL THE UNREDACTED DECLARATION OF MARY ROE,
AND FOR IN CAMERA REVIEW -- 7
2:25-CV-00781-RSM

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

prejudiced in their ability to respond to Plaintiffs' motion for a protective order due to the redaction of one paragraph in Roe's declaration.

### III. Roe's Continued Fear of Retaliation, Harassment, and Threats to Physical Safety Necessitate Filing Pseudonymously

On December 5, 2025, Mary Roe, the Executive Director of a Head Start Agency in Wisconsin, submitted a declaration in support of Plaintiffs' motion to supplement the preliminary injunction record. ECF No. 135-1. Roe submitted the declaration pseudonymously for fear of retaliation against herself, her family, and her Head Start Agency. ECF No. 135-1. The court granted the motion for leave to file declaration in pseudonym. ECF No. 141. Plaintiffs now renew their motion to once again file Roe's declaration under pseudonym, on the same grounds. ECF No. 134. Though Roe believes that Defendant Office of Head Start has learned her identity, she still fears for her safety and that of her family and Head Start Agency should her identity be made public. Just as before, granting the motion is proper because (1) Roe's fears of harassment and threats to physical safety are reasonable and severe, particularly given the media attention her December 5 declaration received[2] and (2) any risk of prejudice to Defendants or the public is far outweighed by the risks to Roe. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). Indeed, once again, allowing Roe to file pseudonymously serves the public's interest in learning the important information she has to share. *See* Dkt. 134.

### CONCLUSION

For the reasons stated above, Plaintiffs seek leave from the Court to protect Roe's identity and paragraph 15 of Mary Roe's declaration in support of Plaintiffs' motion for protective order from disclosure to the public, Defendants, and Defendants' counsel. Plaintiffs will file on the

---

[2] *See e.g.*, Cory Turner, *Head Start centers told to avoid 'disability,' 'women' and more in funding requests*, NPR (Dec. 11, 2025), https://www.npr.org/2025/12/11/nx-s1-5640757/head-start-hhs-funding-dei (describing and quoting Roe's declaration and publishing a copy); Moriah Balingit, *Trump officials bar Head Start providers from using 'women' and 'race' in grant applications*, AP (Jan. 5, 2026), https://apnews.com/article/head-start-dei-women-race-599220b1cd39e3d6c585f8fe7811a59c (describing and quoting Roe's declaration).

MOTION TO FILE DECLARATION IN PSEUDONYM,          A.C.L.U. OF WASHINGTON
SEAL THE UNREDACTED DECLARATION OF MARY ROE,      PO BOX 2728 SEATTLE, WA 98111-2728
AND FOR IN CAMERA REVIEW -- 8                     (206) 624-2184
2:25-CV-00781-RSM

public docket a redacted version of Roe's declaration in pseudonym. Should the Court deny any of the relief requested below, Plaintiffs ask the Court for an opportunity to withdraw Mary Roe's declaration from the record to either: replace the redacted declaration with an unredacted declaration that does not include the redacted paragraph or, if not permitted to file pseudonymously, to withdraw it. *See* Local Rules W.D. Wash. LCR 5(g)(6).

Plaintiffs respectfully request that the Court issue an order to:

(1) Permit Plaintiffs to file the Declaration of Mary Roe in pseudonym; and

(2) Seal the unredacted Declaration of Mary Roe filed in support of Plaintiffs' motion for protective order; and

(3) Review the unredacted Declaration of Mary Roe in camera, ex parte.

***

The undersigned certifies that this motion contains 2,699 words, in compliance with the Local Civil Rules.

Dated: February 13, 2026

Ming-Qi Chu (*pro hac vice*)
Jennesa Calvo-Friedman (*pro hac vice*)
Linda S. Morris* (*pro hac vice*)
*admitted in State of Maryland
Viviana Bonilla López (*pro hac vice*)
Lee Gelernt (*pro hac vice* forthcoming)
Omar Jadwat (*pro hac vice* forthcoming)
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500
mchu@aclu.org

Laboni A. Hoq (*pro hac vice*)
HOQ LAW APC
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
   (Cooperating Attorney)
P.O. Box 753

Respectfully submitted,

By:    /s/   La Rond Baker
La Rond Baker (WSBA No. 43610)
Brent Low (WSBA No. 61795)
David Montes (WSBA No. 45205)
AMERICAN CIVIL LIBERTIES
   UNION OF WASHINGTON
P.O. BOX 2728
Seattle, Washington 98111-2728
Tel: (206) 624-2184
baker@aclu-wa.org

Kevin M. Fee (*pro hac vice*)
Allison Siebeneck (*pro hac vice*)
ROGER BALDWIN FOUNDATION OF
   ACLU, INC.
150 N. Michigan Ave, Suite 600
Chicago, IL 60601
Tel: (312) 201-9740
kfee@aclu-il.org

MOTION TO FILE DECLARATION IN PSEUDONYM,
SEAL THE UNREDACTED DECLARATION OF MARY ROE,
AND FOR IN CAMERA REVIEW -- 9
2:25-CV-00781-RSM

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

South Pasadena, CA 91030
Tel: (213) 977-9004
laboni@hoqlaw.com

S. Starling Marshall (*pro hac vice*)
CROWELL & MORING LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Tel: (212)223-4000
Smarshall@crowell.com

Skye Mathieson (*pro hac vice*)
Lucy Hendrix (*pro hac vice*
forthcoming)
Emily P. Golchini (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave NW
Washington, DC 20004
Tel: (202) 624-2500
Smathieson@crowell.com

Lindsay Nako (*pro hac vice*)
Lori Rifkin (*pro hac vice*)
Fawn Rajbhandari-Korr (*pro hac vice*)
Meredith Dixon (*pro hac vice*)
Megan Flynn (*pro hac vice*)
IMPACT FUND
2080 Addison Street, Suite 5
Berkeley, CA 94704
Tel: (510) 845-3473
lrifkin@impactfund.org

Edward T. Waters (*pro hac vice*)
FELDESMAN LEIFER LLP
1129 20th Street NW, 4th Floor
Washington, DC 20036
Tel: (202) 466-8960
ewaters@feldesman.com

MOTION TO FILE DECLARATION IN PSEUDONYM,
SEAL THE UNREDACTED DECLARATION OF MARY ROE,
AND FOR IN CAMERA REVIEW -- 10
2:25-CV-00781-RSM

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184