The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON STATE ASSOCIATION OF HEAD START AND EARLY CHILDHOOD ASSISTANCE AND EDUCATION PROGRAM; ILLINOIS HEAD START ASSOCIATION; PENNSYLVANIA HEAD START ASSOCIATION; WISCONSIN HEAD START ASSOCIATION; FAMILY FORWARD OREGON; and PARENT VOICES OAKLAND,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ANDREW GRADISON, in his official capacity as Acting Assistant Secretary of the Administration for Children and Families; ADMINISTRATION FOR CHILDREN AND FAMILIES; OFFICE OF HEAD START; and TALA HOOBAN, in her official capacity as Acting Director of the Office of Head Start,<br><br>Defendants. | Case No. 2:25-cv-00781-RSM<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE PRELIMINARY INJUNCTION |

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO ENFORCE PRELIMINARY INJUNCTION
[2:25-cv-00781-RSM] - 1

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

# INTRODUCTION

Plaintiffs' motion to enforce the Court's Order Granting Plaintiffs' Motion for Preliminary Injunction (Order) alleges that the U.S. Department of Health and Human Services (HHS) is violating the Order by requiring Head Start agencies to "make a DEIA certification" because the challenged Grants Policy Statement (GPS) continues to be referenced in Notices of Awards and on a public-facing webpage. Plaintiffs now ask the Court to impose additional relief beyond the Order and require HHS to revise the GPS to remove the DEI certification. This is the ultimate relief Plaintiffs request in their amended complaint and exceeds the preliminary relief imposed by the Court's Order. And Plaintiffs have not filed a motion to modify the Order.

Indeed, the Court's Order did not require HHS to revise the GPS. Rather, the Order enjoined HHS from implementing and/or enforcing the DEI certifications as to Head Start agencies. HHS was not required to revise the GPS and remove the DEI certification altogether. The GPS is a foundational, agency-wide document that proscribes general grant procedures applicable across HHS.

HHS has not implemented or enforced the DEI certification with respect to Head Start agencies. Indeed, Plaintiffs do not move for contempt or allege that the DEI certification has been implemented or enforced in a specific instance. They only allege that Head Start agencies are confused and fear that it may be enforced. This is reminiscent of Plaintiffs' amended complaint, which is based on fears and speculation of alleged harms. HHS has still not implemented or enforced the DEI certification with respect to Head Start agencies and is not violating the Court's Order by not revising the GPS to remove the DEI certification.

At bottom, Plaintiffs' motion amounts to an overreaching complaint that HHS has not modified the GPS (and every grant-related document) to expressly acknowledge the Order. But

the Order does not require HHS to do so. HHS has not enforced or implemented a DEI certification for Head Start agencies, and is not violating the Court's Order. Plaintiffs' motion should be denied.

Plaintiffs also argue that HHS did not provide proper notice of the Order, claiming that the notices HHS provided are vague and misleading. HHS complied with the Order's notice requirements by (1) issuing a notice on January 9, 2026, by email blast to all Head Start agencies, which included a linked copy of the Order; (2) issuing a notice on January 9, 2026, by email blast to all HHS employees and contractors; and (3) issuing a revised notice on January 16, 2026, via posting on Headstart.gov, which included a copy of the Order as well as seven bullet-point clarifications Plaintiffs requested. This satisfies the Order's notice requirements.

## I.  HHS has not enforced or implemented the DEIA certification for Head Start agencies.

Plaintiffs argue that because the GPS, which includes the DEI certification, is included in the Notice of Awards to Head Start agencies "as one of the terms and conditions," HHS is or will require Head Start agencies to "make a DEIA certification." Dkt. 143, pgs. 2-3, 8-9. This is not true. The GPS is a foundational agency policy document providing terms and conditions governing HHS discretionary grant and cooperative agreement awards from all awarding agencies except NIH. It would be highly impracticable and confusing to revise the GPS for one particular program, like Head Start. It is also unnecessary to revise the GPS to comply with the Order. HHS is not implementing or enforcing the DEIA certification in the GPS with respect to Head Start, which is exactly what the Order requires.

Plaintiffs also allege that because the GPS is referenced on HHS's Grants Policies & Regulations webpage as a source of information for rules that apply to grant awards, which will be used for enforcement purposes, HHS is or will enforce the DEI certification as to Head Start

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO ENFORCE PRELIMINARY INJUNCTION
[2:25-cv-00781-RSM] - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

agencies. *Id.* at pgs. 3-4. This is not true. Plaintiffs' motion to enforce is fatally flawed for two reasons: (1) they have not established a violation justifying civil contempt; and (2) they have not moved to modify the Order to include the new relief they seek to impose.

### A. Plaintiffs have not established a violation justifying civil contempt.

Plaintiffs have not identified a single actual instance where HHS has implemented or enforced the DEI certification with respect to a Head Start agency in violation of the Order. If there were such a violation, the proper remedy would be a motion for civil contempt, which Plaintiffs have not brought here, and which Plaintiffs cannot establish.

A party moving for civil contempt must prove that the non-moving party has violated a court order by clear and convincing evidence. *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locs. 21 & 4*, 721 F.3d 1122, 1129 (9th Cir. 2013). A bare preponderance of the evidence will not suffice. *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014).

Secondly, the court must find that the order violated is "clear and unambiguous." *Next Invs., LLC v. Bank of China*, 12 F.4th 119, 131 (2d Cir. 2021). A party can only be held in contempt for behavior clearly prohibited by a court order "'within its four corners.'" *United States v. ITT Continental Baking Co.*, 420 U.S. 223, 237 (1975) (quoting *United States v. Armour & Co.*, 402 U.S. 673, 682 (1971)). "If an injunction does not clearly describe prohibited or required conduct, it is not enforceable by contempt." *Gates v. Shinn*, 98 F.3d 463, 468 (9th Cir. 1996). Thus, "[t]o hold a party in contempt, the district court must be able to point to a decree from the court which sets forth in specific detail an unequivocal command which the party in contempt violated." *Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989) (internal citations omitted).

DEFENDANTS' OPPOSITION TO PLAINTIFFS'  
MOTION TO ENFORCE PRELIMINARY INJUNCTION  
[2:25-cv-00781-RSM] - 4

UNITED STATES ATTORNEY  
700 Stewart Street, Suite 5220  
Seattle, Washington 98101-1271  
206-553-7970

1    Finally, the Court must find that the party has not diligently attempted to comply in a reasonable manner. *In re Markus*, 78 F.4th 554, 566 (2d Cir. 2023). "The failure to meet the strict requirements of an order does not necessarily subject a party to a holding of contempt." *Dunn v. New York State Dep't of Lab.*, 47 F.3d 485, 490 (2d Cir. 1995). And "[c]onduct that evinces substantial, but not complete, compliance with the court order may be excused if it was made as part of a good faith effort at compliance." *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990) (citations omitted); *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982) (party acting based on a good faith and reasonable interpretation of the court's order should not be held in contempt).

Here, Plaintiffs cannot identify a specific violation or establish civil contempt beyond clear and convincing evidence. Rather, Plaintiffs rely on allegations of confusion and fear amongst Head Start agencies to speculate that HHS will require a DEI certification in violation of the Order, simply because the GPS has not been revised despite the Order. Not only is this speculation unfounded, it is inconsistent with the actions HHS took to immediately implement the Order (see discussion below).

As is typical with preliminary injunctive relief, agencies are frequently tasked with not enforcing or implementing challenged policies, short of requiring the policy to be rescinded or revised on a preliminary basis. HHS is complying with the Order and not enforcing the DEI certification with respect to Head Start agencies. Plaintiffs' assumptions and speculation to the contrary are simply wrong.

### B. Plaintiffs have not moved to modify the Order to include the new relief they seek to impose.

Plaintiffs argue that the Court should use its inherent power to enforce compliance with the Order. Dkt. 143, pg. 7. But Plaintiffs are not merely asking this Court to enforce the terms of the

DEFENDANTS' OPPOSITION TO PLAINTIFFS'  
MOTION TO ENFORCE PRELIMINARY INJUNCTION  
[2:25-cv-00781-RSM] - 5

UNITED STATES ATTORNEY  
700 Stewart Street, Suite 5220  
Seattle, Washington 98101-1271  
206-553-7970

1  Order, they are asking the Court to modify and expand the scope of the Order to add additional
2  injunctive relief not previously contemplated or ordered.

3   Plaintiffs are now asking the Court to (1) order HHS to revise the GPS and remove the
4  DEIA certification for Head Start agencies; (2) remove the DEIA certification (GPS) from Notices
5  of Awards; (3) "review all other terms and conditions, policies, guidance, and other documents
6  that apply to Head Start agencies and confirm that none require a Head Start agency to make a
7  certification or representation that they do not engage in DEIA;" and (4) post additional notices
8  regarding the Order. Dkt. 143, pgs. 10-11.

9   Plaintiffs have not filed a motion to modify the Order, nor have they presented any new
10 facts or changed circumstances that would justify modifying the Order. *Sys. Fed'n No. 91, Ry.*
11 *Emp. Dep't, AFL-CIO v. Wright*, 364 U.S. 642, 648 (1961) (holding that a district court has "wide
12 discretion" to modify an injunction based on changed circumstances or new facts); *Tanner Motor*
13 *Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 810 (9th Cir. 1963) (same); *A&M Records, Inc., v. Napster,*
14 *Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002) (affirming modification of a preliminary injunction upon
15 the consideration of new facts).

16  The new relief Plaintiffs ask this Court to impose - forcing HHS to revise the entire GPS -
17 is the ultimate relief Plaintiffs seek in the amended complaint. It is not the preliminary relief the
18 Cout considered or enjoined in the Order. The other new relief Plaintiffs ask this Court to impose –
19 forcing HHS to ensure that "all other terms and conditions, policies, guidance, and other
20 documents that apply to Head Start agencies" do not require Head Start agencies to complete DEI
21 certification - are not actions challenged in the amended complaint. Plaintiffs are bound by the
22 claims they pled and placed in issue before the Court. Issues that were never raised nor adjudicated
23 by this Court may not be read into this action under the guise of a motion to enforce the Order.
24

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO ENFORCE PRELIMINARY INJUNCTION
[2:25-cv-00781-RSM] - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

In sum, Plaintiffs' motion to enforce the preliminary injunction is an improper attempt to expand the preliminary relief in the Order based on pure speculation that HHS is or will require DEI certifications in violation of the Order simply because the GPS has not been revised. Plaintiffs' attempt to modify the Order through the guise of a motion to enforce should be denied.

**II.     HHS satisfied the Order's notice requirements.**

HHS complied with the Order's notice requirements by issuing three notices. First, on January 9, 2026, HHS issued a notice by email blast to all Head Start agencies, which included a link to the Order. *See* Exhibit A. Second, HHS issued a notice on January 9, 2026, by email blast to all HHS employees and contractors. *See* Exhibit B. And third, HHS issued a revised notice on January 16, 2026, by posting it on Headstart.gov, which included a link to the Order and seven clarifications Plaintiffs requested. *See* Exhibit C. This more than satisfies the Order's notice requirements. The January 16, 2026 revised notice was a gesture of good will and good faith which the Plaintiffs have taken as green light to re-write and override the clear directions of the Court.

Notably, Plaintiffs raised concerns with HHS's January 9, 2026, notice to Head Start agencies. HHS agreed to issue a revised notice including the seven bullet points Plaintiffs requested to address their concerns (the same seven bullet points Plaintiffs ask this Court to now impose). On January 16, 2026, HHS added the following language in a posting on Headstart.gov as a banner above the march 14 DEIA letter:

> Pursuant to the preliminary injunction issued on January 6, 2026 in *Washington State Association of Head Start et al. v. Kennedy, et al.*, No. 2:25-cv-000781 (W.D.W.A.), HHS has been enjoined from implementing and enforcing any of the listed actions below. This preliminary injunction is in place until further notice and nothing in the list will be enforced by any HHS employee, agency, grantee, or contractor against any Head Start agencies, program providers, students or family participants, or other similar persons or entities.
>
> 1) The March 14, 2025 letter from ACF on federal funding restrictions related to "diversity, equity, inclusion";

DEFENDANTS' OPPOSITION TO PLAINTIFFS'  
MOTION TO ENFORCE PRELIMINARY INJUNCTION  
[2:25-cv-00781-RSM] - 7

**UNITED STATES ATTORNEY**  
700 Stewart Street, Suite 5220  
Seattle, Washington 98101-1271  
206-553-7970

      2) Any certifications or other representation related to the DEIA certification or other similar requirement.
      3) Any agency-wide directive banning "diversity, equality, inclusion and accessibility";
      4) Any modifications made to grant terms pursuant to the DEIA ban or similar language
      5) Any similar action implementing the restrictions on "diversity, equality, inclusion and accessibility" contained in Executive Orders No. 14, 151, 90 Fed. Reg. 8339 (Jan. 29, 2025) ("Ending Radical and Wasteful Government DEI Programs and Preferencing") or No. 14, 173, 90 Fed. Reg. 8633 (Jan. 31, 2025) ("Ending Illegal Discrimination and Restoring Merit-Based Opportunity").

*See* Exhibit C. This is the exact language Plaintiffs ask this Court to order HHS to add to its notice. Dkt. 143, pg. 11.

While Plaintiffs argue that the revised notice is still insufficient, they cannot cite a standard or legal requirement HHS's notices fail to meet. The Order does not proscribe the form or contents of the notice. It states that Defendants must "provide written notice of [the] Order" to certain entities. Dkt. 141, pg. 25. The form, scope, and contents of the notice are correctly left to Defendants' discretion, who are best positioned to determine how notice of a court order should be reflected across agency documents.

Here, HHS's notices provided information about the Order as well as access to the full Order. HHS's notices were similar to those issued in response to the Order Granting Motion for Preliminary Injunction pertaining to Plaintiffs' challenge to HHS's interpretation of the Personal Responsibility and Work Opportunity Act (PRWORA), to which Plaintiffs did not object. HHS's notices complied with the Order's notice requirements.

Plaintiffs also argue that Defendants failed to file a copy of "the notice" that HHS sent to Head Start agencies on the docket. Dkt. 143, pgs. 1, 10. Defendants filed a copy of the notice Defendants' counsel provided to HHS, along with verification that agency counsel for HHS had issued written notice of the Court's Order to all Head Start grant recipients and all HHS employees

DEFENDANTS' OPPOSITION TO PLAINTIFFS'  
MOTION TO ENFORCE PRELIMINARY INJUNCTION  
[2:25-cv-00781-RSM] - 8

**UNITED STATES ATTORNEY**  
700 Stewart Street, Suite 5220  
Seattle, Washington 98101-1271  
206-553-7970

and contractors on January 9, 2025, consistent with the Order. Dkt. 142.

Paragraph 5 of the Order states:

> Defendants' counsel shall provide written notice of this Order within 72 hours of entry to all Defendants and their officers, agents, servants, employees, contractors, representatives, and any other persons who are in active concert or participation with them, and to all Head Start agencies. Defendants shall file a copy of the notice on the docket at the same time, as well as a Status Report documenting the actions they have taken to comply with this Order.

Dkt. 141, pg. 25, ¶ 5.

Defendants' counsel provided notice of the Order and a copy of the Order to HHS by letter dated January 8, 2026, and informed HHS counsel of the need to immediately distribute the Order to all named Defendants and all HHS employees and contractors and to all Head Start agencies. Dkt. 142, Ex. A. Defendants' counsel filed a Notice and Status Report on the docket on January 9, 2025, which included a copy of the January 8, 2026 letter to HHS, as well as additional verification that in-house counsel for HHS had issued written notice of the Court's Order to all Head Start grant recipients and all HHS employees and contractors on January 9, 2025. *Id.*

Defendants interpret the Court's directive to "file a copy of the notice on the docket at the same time" as referring to the notice Defendants' counsel provided to HHS, not the notice HHS provided to Head Start agencies. Indeed, Defendants followed the same procedure after the Court issued an Order Granting Motion for Preliminary Injunction pertaining to Plaintiffs' challenge to HHS's interpretation of the Personal Responsibility and Work Opportunity Act (PRWORA), which included a similar requirement for Defendants' counsel to provide notice of the Order to HHS and all Head Start agencies and file a copy of the notice on the docket. Dkts. 120-21. Plaintiffs did not challenge Defendants' filing of the notice Defendants' counsel provided to HHS, rather

DEFENDANTS' OPPOSITION TO PLAINTIFFS'  
MOTION TO ENFORCE PRELIMINARY INJUNCTION  
[2:25-cv-00781-RSM] - 9

UNITED STATES ATTORNEY  
700 Stewart Street, Suite 5220  
Seattle, Washington 98101-1271  
206-553-7970

than the notice HHS provided to Head Start grant recipients, with respect to the PRWORA preliminary injunction.

Plaintiffs' allegation that Defendants now violated the Order by failing to file the notice HHS provided to Head Start agencies on the docket, is not only incorrect, but any omission is harmless. The notice HHS issued to Head Start agencies was a public document clearly available to Plaintiffs. And as discussed above, Plaintiffs accessed the notice and raised concerns, which HHS took into account and issued a revised notice. Thus, HHS did not violate the Order's notice requirements by posting Defendants' counsel's notice, not HHS's notice, on the docket.

## CONCLUSION

Plaintiffs' motion to enforce the preliminary injunction should be denied.

DATED this 18th day of February, 2026.

Respectfully submitted,

*s/ Kristin B. Johnson*
KRISTIN B. JOHNSON, WSBA #28189
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone No. (206) 553-7970
Fax No. (206) 553-4073
Email: kristin.b.johnson@usdoj.gov

*Attorney for Defendants*

I certify that this memorandum contains 2,792 words, in compliance with the Local Civil Rules.

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO ENFORCE PRELIMINARY INJUNCTION
[2:25-cv-00781-RSM] - 10

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970