The Honorable Ricardo S. Martinez

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

WASHINGTON STATE ASSOCIATION OF HEAD START AND EARLY CHILDHOOD ASSISTANCE AND EDUCATION PROGRAM, ILLINOIS HEAD START ASSOCIATION, PENNSYLVANIA HEAD START ASSOCIATION, WISCONSIN HEAD START ASSOCIATION, FAMILY FORWARD OREGON, and PARENT VOICES OAKLAND,

*Plaintiffs*,

v.

ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ANDREW GRADISON, in his official capacity as Acting Assistant Secretary of the Administration for Children and Families; ADMINISTRATION FOR CHILDREN AND FAMILIES; OFFICE OF HEAD START; and TALA HOOBAN, in her official capacity as Acting Director of the Office of Head Start,

*Defendants*.

Case No. 2:25-cv-00781-RSM

**PLAINTIFFS' REPLY IN SUPPORT OF EMERGENCY MOTION TO ENFORCE PRELIMINARY INJUNCTION**

NOTE ON MOTION CALENDAR:

February 24, 2026

REPLY IN SUPPORT OF MOTION TO ENFORCE
PRELIMINARY INJUNCTION
2:25-CV-00781-RSM -- 1

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

Plaintiffs moved to enforce the Court's Order, Dkt. 141, because, in violation of that Order, Defendants (1) continue to require Head Start agencies to certify they will comply with the DEIA Ban, and (2) issued a notice to Head Start agencies that misrepresents the scope and effect of the Order, and did not file a copy of that notice. Defendants are actively misleading Head Start agencies about the fact that the Order protects agencies who engage in activities the Office of Head Start might deem prohibited "DEIA."

Defendants admit that they (1) still require Head Start agencies to certify compliance with the DEIA Ban, and (2) sent Head Start agencies a notice stating vaguely that "effective 1/6/2026 certain DEIA actions, as well as reductions in force (RIFs) as they pertain to Head Start agencies and the Office of Head Start, have been preliminarily enjoined until further notice[.]" Dkt. 143 at 9. Nevertheless—in stark opposition to the plain text and meaning of the Order—Defendants contend that they have complied with the Order.

Defendants' notice to Head Start agencies misstating the scope of this Court's directive about the DEIA Ban and Defendants' continued requirement that Head Start agencies certify compliance with the DEIA Ban undermine the Order's purpose and effect. Through these actions, Defendants continue to carry out the campaign of intimidation of Head Start agencies that are trying to create accessible and appropriate programming in compliance with the Head Start Act. Defendants' actions have a concrete effect on Head Start programming and training and, as a result, Head Start associations and the children they serve continue to be negatively impacted by the DEIA Ban. Plaintiffs respectfully request that the Court require Defendants to fully comply with its Order.

## ARGUMENT

### A.  The Court has authority to enforce its existing order.

As Defendants acknowledge, Plaintiffs are not seeking civil contempt and do not seek to modify the Order. The legal standards Defendants cite for issuing contempt and modification orders are therefore inapplicable. Rather, Plaintiffs seek only to enforce the Court's existing order, and it is "well-settled that district courts have the power to supervise compliance with an

REPLY IN SUPPORT OF MOTION TO ENFORCE
PRELIMINARY INJUNCTION
2:25-CV-00781-RSM -- 2

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

injunction." *City & Cnty. of San Francisco v. Trump*, 782 F. Supp. 3d 830, 833 (N.D. Cal. 2025); *see also, e.g.*, *Am. Fed'n of Gov't Emps., AFL-CIO v. Noem*, 2:25-CV-00451-JNW, 2026 WL 113599, at *2 (W.D. Wash. Jan. 15, 2026) (granting motion to enforce upon finding that defendants' action violated the text of the existing preliminary injunction); *Pacito v. Trump*, 2:25-CV-255-JNW, 2025 WL 1397613, at *2 (W.D. Wash. Apr. 11, 2025) (granting motion to enforce where the "record shows that the Government has not complied with the First Injunction" and "[t]hus, the Court finds that additional measures are necessary to ensure Defendants' compliance with the Court's orders."); *AIDS Vaccine Advoc. Coal. v. United States Dep't of State*, 768 F. Supp. 3d 1, 5 (D.D.C. 2025) (granting motion to enforce where "Defendants have not complied with the terms of the TRO" but finding "contempt is not warranted on the current record").

**B.  The Court's Order prohibits Defendants from requiring a DEIA Certification.**

The Court explicitly enjoined Defendants from:

[E]nforcing and/or implementing any portion of the DEI Letter of DEIA Certification, all agency-wide directive implementing or effectuating the DEIA ban, or otherwise similar actions…against any Head Start agencies, program providers, student or family participants, or other similar persons or entities, *including by:…Requiring any Head Start agency to make 'certifications' or other representations pursuant to the DEIA Certification or other similar requirement.*

Dkt. 141 at 24-25 (emphasis added). Defendants admit that their Notices of Award for Head Start agencies require agencies to accept the HHS Grants Policy Statement (GPS) as a term and condition of the award, and that this GPS includes a DEIA Certification. *See* Dkt. 154. at 3. This means that Defendants continue to require Head Start agencies to make certifications pursuant to the DEIA Ban, which is expressly prohibited by the Court's direction quoted in italics.

In their Opposition, Defendants advance three primary arguments: (1) that revision of the GPS is "unnecessary" because the DEIA certification is not being "implemented" or "enforced" with respect to Head Start; (2) that it would be "impracticable" to remove the DEIA

REPLY IN SUPPORT OF MOTION TO ENFORCE
PRELIMINARY INJUNCTION
2:25-CV-00781-RSM -- 3

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

certification from the GPS; and (3) that Plaintiffs seek new relief. Each of these arguments is inaccurate and does not justify Defendants' unilateral decision not to comply with the Order.

With respect to Defendants' first argument, the Order explicitly enumerates that requiring DEIA certifications is among the prohibited means of implementing and/or enforcing the DEIA Ban. *See* Dkt. 141 at 24-25. Defendants do not argue that Head Start agencies are free to reject this term of the Notice of Award, nor do Defendants point to any provision in the Notice of Award exempting Head Start agencies from the DEIA certification in the GPS. Defendants thus fail to provide any plausible explanation as to how they are complying with the plain meaning of the Order.

Second, Defendants' argument that it would be "impracticable and confusing to revise the Grants Policy Statement for one particular program" also does not justify their non-compliance. Defendants' own actions belie their assertion that amending the GPS is impracticable. Defendant HHS has changed the GPS several times in the last year alone, demonstrating that HHS regularly modifies the GPS and that it is feasible for HHS to do so to comply with the Order. *See* Dkt. 143 at 8-9, citing Calvo-Friedman Decl. ¶ 13, Ex. 10 (showing HHS modified the GPS in April, July, and October 2025). Defendants do not dispute this in their Opposition or provide any additional facts showing why it would be impracticable to amend the GPS.

If Defendants could not amend the GPS, and could not find another manner of complying with the Order's prohibition on requiring Head Start agencies to make a DEIA Certification, they should have moved to modify the Order, but they did not. *See Nat'l Treasury Emps. Union v. Vought*, 25-cv-0381, 2025 WL 3771192, at *11 (D.D.C. Dec. 30, 2025) ("'Disagreements with judicial decisions must be resolved through motions, stays, and appeals, not through unilateral noncompliance.'" (quoting *J.G.G. v. Trump*, No. 25-5124, 2025 WL 3198891, at *2 (D.C. Cir. Nov. 14, 2025))).

Third, Defendants are wrong that Plaintiffs' motion asks the Court to impose "new" relief beyond what was in the Order. Dkt. 154 at 6. As set forth above, the text of the Order

REPLY IN SUPPORT OF MOTION TO ENFORCE
PRELIMINARY INJUNCTION
2:25-CV-00781-RSM -- 4

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

specifically enjoins Defendants from requiring Head Start agencies to make "'certifications' or other representations pursuant to the DEIA Certification or other similar requirement." Dkt. 141 at 25. Plaintiffs simply seek to enforce that term of the Order.

**C. Defendants' notice to Head Start agencies misled agencies about the scope of the Court's Order on the DEIA Ban.**

Inherent in the Court's Order that Defendants must provide "written notice of [the] Order within 72 hours of entry to…all Head Start agencies," Dkt. 141 at 25, is the requirement that Defendants provide accurate notice of the content of the Order. While the Court did not proscribe the "form, scope, and contents of the notice," Dkt. 154 at 8, it required Defendants to "file a copy of the notice on the docket," Dkt. 141 at 25, thus allowing for the Court and Plaintiffs to ensure the notice satisfied the Order. Because the notice Defendants emailed to Head Start agencies was inaccurate and because they have refused to send a revised notice, Plaintiffs request that the court enforce its Order by requiring Defendants to correct their inaccurate notice.

The notice Defendants emailed to Head Start agencies says, "*certain DEIA actions*, as well as reductions in force (RIFs) as they pertain to Head Start agencies and the Office of Head Start, have been preliminarily enjoined until further notice[.]" Dkt. 143 at 9 (emphasis added). Defendants' use of the word "certain" implies that some (unspecified) DEIA actions are enjoined, and other (unspecified) DEIA actions are not enjoined. The message thus delivered to Head Start agencies is that Defendants may still punish them for engaging in "certain" DEIA activities, and Head Start agencies are left to guess about what those are. Further, by saying that certain DEIA "actions"—rather than the DEIA Ban—are enjoined, the email misleadingly suggests the Order halts these actions instead of the Defendants efforts to ban DEIA actions. Without clarification about what activities may cause negative consequences for their programs, Head Start agencies continue to be harmed by the DEIA Ban. *See* Ryan Decl. Dkt. 145 ¶¶ 6-9.

Defendants' notice to Head Start agencies also conveys a markedly different message than the notice filed on the docket, Dkt. 142-1, and Defendants' email blast to HHS employees

REPLY IN SUPPORT OF MOTION TO ENFORCE
PRELIMINARY INJUNCTION
2:25-CV-00781-RSM -- 5

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

and contractors, Dkt. 155-2. Conspicuously, these communications used the language "all" with respect to actions implementing or enforcing the DEIA Ban rather than the more restrictive "certain" Defendants used in their notice to Head Start agencies. They also identify that the Defendants' restrictions on DEIA are what is enjoined by the Order rather than referring to "DEIA actions" being enjoined. By creating more ambiguity and uncertainty for Head Start agencies about what Defendants are permitted to do with respect to their inherently vague DEIA Ban, Defendants' notice amplifies the very harm that the Court issued the Order to remedy. *See* Dkt. 141 at 20, 21. As a director of one Head Start agency expressed, "the vagueness of the notice…is concerning because it leaves the possibility open that, at any point, the Office of Head Start could decide that an activity they do not support is not among the 'certain' actions mentioned in the notice and therefore not protected by this court order." Ryan Decl. Dkt. 145 ¶ 8.

Defendants' claim that they have issued a revised notice to Head Start agencies at Plaintiffs' request is inaccurate. *See* Dkt. 154 at 7-8. The website update Defendants reference in their Opposition is a banner indicating that the March 14 DEI Letter—which is still posted on Headstart.gov—is not being enforced due to the Order. Defendants added this banner after Plaintiffs pointed out Headstart.gov displayed the March 14 DEI Letter without any reference to the fact that Defendants are enjoined from enforcing it. *See* Dkt. 143 at 10. But Defendants have not notified Head Start agencies of this update to Headstart.gov or in any way directed Head Start agencies to this information in order to correct the inaccurate information in the email notice. *See id.* It is unlikely that most Head Start agency staff will see this website banner without being alerted to it. Ryan Decl. Dkt. 145 ¶ 10.

Even if Head Start agencies see this web posting, it conflicts with the direct, official communication Defendants provided to Head Start agencies via email, a point that Defendants do not even address. *See* Dkt. 154 at 7-9; Ryan Decl. Dkt. 145 ¶ 10. Head Start agencies need clarification to avoid the same harms the Order is intended to prevent. *See Id.*; Dkt. 141 at 21 (recognizing the "harm from conflicting instructions related to DEIA.").

REPLY IN SUPPORT OF MOTION TO ENFORCE
PRELIMINARY INJUNCTION
2:25-CV-00781-RSM -- 6

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

Finally, Defendants' position that they are not required to file a copy of the notice issued to Head Start agencies conflicts with the text of the Order. The Order states: "Defendants' counsel shall provide written notice of this Order…*to all Head Start agencies.* Defendants shall file a copy of the notice on the docket at the same time, as well as a Status Report documenting the actions they have taken to comply with this Order." Dkt. 141 at 25 (emphasis added). Defendants neither filed a copy of the notice provided to Head Start agencies nor informed Plaintiffs and the Court in their Status Report that the notice Defendants issued to Head Start agencies differed from the notice they filed. *See* Dkt. 142. Defendants' failure to file the agency notice on the docket is important because of the material difference between the notice Defendants did file with the Court and the notice they sent to Head Start agencies, and the inaccuracy of the latter notice, which perpetuates the harms of the DEIA Ban, as described above.[1]

**CONCLUSION**

Defendants are violating the Court's Order because they continue to require a DEIA Certification and sent a misleading notice to Head Start agencies, which they refuse to correct. Plaintiffs request that the Court enforce these terms of its Order.

***

The undersigned certifies that this motion contains 2,100 words, in compliance with the Local Civil Rules.

Dated: February 24, 2026

Ming-Qi Chu (*pro hac vice*)
Jennesa Calvo-Friedman (*pro hac vice*)
Linda S. Morris* (*pro hac vice)*
*admitted in State of Maryland*
Viviana Bonilla López (*pro hac vice*)

Respectfully submitted,

By:    /s/   La Rond Baker
La Rond Baker (WSBA No. 43610)
Brent Low (WSBA No. 61795)
David Montes (WSBA No. 45205)
AMERICAN CIVIL LIBERTIES

---

[1] Further, Plaintiffs declining to bring an enforcement motion based on Defendants' failure to file the notice they sent to agencies regarding the Court's Order on PRWORA does not waive Plaintiffs' right to bring an enforcement motion in this instance where Plaintiffs determine that it is necessary to remediate ongoing harm.

REPLY IN SUPPORT OF MOTION TO ENFORCE
PRELIMINARY INJUNCTION
2:25-CV-00781-RSM -- 7

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

Lee Gelernt (*pro hac vice* forthcoming)
Omar Jadwat (*pro hac vice* forthcoming)
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500
mchu@aclu.org

Laboni A. Hoq (*pro hac vice*)
HOQ LAW APC
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
   (Cooperating Attorney)
P.O. Box 753
South Pasadena, CA 91030
Tel: (213) 977-9004
laboni@hoqlaw.com

S. Starling Marshall (*pro hac vice*)
CROWELL & MORING LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Tel: (212)223-4000
Smarshall@crowell.com

Skye Mathieson (*pro hac vice*)
Lucy Hendrix (*pro hac vice*
forthcoming)
Emily P. Golchini (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave NW
Washington, DC 20004
Tel: (202) 624-2500
Smathieson@crowell.com

UNION OF WASHINGTON
P.O. BOX 2728
Seattle, Washington 98111-2728
Tel: (206) 624-2184
baker@aclu-wa.org

Kevin M. Fee (*pro hac vice*)
Allison Siebeneck (*pro hac vice*)
ROGER BALDWIN FOUNDATION OF
   ACLU, INC.
150 N. Michigan Ave, Suite 600
Chicago, IL 60601
Tel: (312) 201-9740
kfee@aclu-il.org

Lindsay Nako (*pro hac vice*)
Lori Rifkin (*pro hac vice*)
Fawn Rajbhandari-Korr (*pro hac vice*)
Meredith Dixon (*pro hac vice*)
Megan Flynn (*pro hac vice*)
IMPACT FUND
2080 Addison Street, Suite 5
Berkeley, CA 94704
Tel: (510) 845-3473
lrifkin@impactfund.org

Edward T. Waters (*pro hac vice*)
FELDESMAN LEIFER LLP
1129 20th Street NW, 4th Floor
Washington, DC 20036
Tel: (202) 466-8960
ewaters@feldesman.com

REPLY IN SUPPORT OF MOTION TO ENFORCE
PRELIMINARY INJUNCTION
2:25-CV-00781-RSM -- 8

A.C.L.U. OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184