The Honorable Ricardo S. Martinez

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

WASHINGTON STATE ASSOCIATION OF HEAD START AND EARLY CHILDHOOD ASSISTANCE AND EDUCATION PROGRAM, ILLINOIS HEAD START ASSOCIATION, PENNSYLVANIA HEAD START ASSOCIATION, WISCONSIN HEAD START ASSOCIATION, FAMILY FORWARD OREGON, and PARENT VOICES OAKLAND,

*Plaintiffs*,

v.

ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ANDREW GRADISON, in his official capacity as Acting Assistant Secretary of the Administration for Children and Families; ADMINISTRATION FOR CHILDREN AND FAMILIES; OFFICE OF HEAD START; and TALA HOOBAN, in her official capacity as Acting Director of the Office of Head Start,

*Defendants*.

Case No. 2:25-cv-00781-RSM

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO FILE DECLARATION UNDER PSEUDONYM, TO SEAL, AND FOR IN CAMERA REVIEW**

NOTE ON MOTION CALENDAR: March 6, 2026

REPLY IN SUPPORT OF MOTION TO FILE
DECLARATION UNDER PSEUDONYM, TO SEAL,
AND FOR IN CAMERA REVIEW -- 1
2:25-CV-00781-RSM

ACLU OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

Mary Roe's declaration in support of Plaintiffs' motion for protective order contains sensitive information that could lead to retaliation against another witness. Because the information provided by the witness would reveal their identity even if their name is withheld, it is not possible to protect the witness's identity through redaction or a pseudonym. In their motion for a protective order, Plaintiffs provided information that shortly after Mary Roe filed her earlier declaration that included an attachment sent by her program's assigned Office of Head Start program specialist, that specialist went out on unexplained leave and has not returned. Defendants have not addressed this evidence, which supports Plaintiffs' reasonable fear that identification of additional witnesses providing evidence in this matter could also expose them to risk of retaliation by Defendants. Therefore, there is good cause for the Court to seal the unredacted version of Roe's declaration; and the highly sensitive nature of the information warrants granting in camera, ex parte review of the unredacted version of Roe's declaration.

## ARGUMENT

### I. Defendants Have Not Refuted Plaintiffs' Evidence that Defendants Already Retaliated Against a Witness other than Mary Roe

It is disingenuous for Defendants to dismiss Plaintiffs' explanation for why sealing and ex parte review is justified as "unfounded and unsupported" while also failing to respond to the specific evidence Plaintiffs presented. Dkt. 161 at 2. Defendants have not responded to Plaintiffs' evidence that approximately 10 days after Roe submitted a declaration, she was informed that her Agency's program specialist—who sent the email containing the banned-word list Roe attached to her declaration—was on unexplained leave. *See* Dkt. 152-2 (Roe Decl.) ¶¶ 4, 6. Plaintiffs are concerned that the additional witness could similarly face negative employment consequences related to information provided. Defendants' repeated refusal to provide information that can answer the question of when Roe's agency was selected for an unannounced review, and their unsupported and non-credible assertion that they do not know the identity of Roe's agency, Dkt. 160, is additional evidence that supports the relief Plaintiffs request. Plaintiffs have made a

REPLY IN SUPPORT OF MOTION TO FILE
DECLARATION UNDER PSEUDONYM, TO SEAL,
AND FOR IN CAMERA REVIEW -- 2
2:25-CV-00781-RSM

ACLU OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

particularized showing of the need to protect a third-party witness from exposure to the possibility of retaliation, justifying the relief sought here. *See* Dkt. 151 at 4-8.

## II. Plaintiffs' Proposed Relief is the Least Restrictive Alternative and Defendants are not Prejudiced

Plaintiffs have already provided the Court with the information in paragraph 15 of Roe's declaration in the least restrictive manner possible. Due to the nature and context of the information, even a pseudonym would make the witness identifiable to Defendants. *See Delaittre v. Berryhill*, No. C15-1905-RAJ, 2017 WL 6310483, at *4 (W.D. Wash. Dec. 11, 2017) (holding sealing justified "to prevent the identification of uninvolved employees through revelation of the structural relationship of involved employees.").

Moreover, Plaintiffs have made the substance of the witness's allegation part of the public record to allow public access to the nature of the information while protecting the specific identity of a third-party witness. *See Bittitan, Inc. v. Skykick, Inc.*, No. C15-0754RSM, 2015 WL 12159149, at *1 (W.D. Wash. Aug. 14, 2015) (concluding sealing appropriate where "to the extent the documents could be redacted, Plaintiff has publicly filed such redacted documents, allowing public access to the nature of the Reply and its supporting Declarations, while protecting the specific confidential information at issue in this motion."). Plaintiffs have publicly cited to paragraph 15, such that Defendants are aware of the evidence it supports: "Approximately 10 days after Roe submitted a declaration, an unannounced monitoring review was organized for Roe's Agency." Dkt. 148 at 3. Defendants need not know the source of this information, to dispute it as false and offer evidence to the contrary. Indeed, Defendants have not provided any reason that they are prejudiced by not knowing the identity of the witness where they know the substance of the information conveyed by the witness. *See* Dkt. 161 at 4. Because Defendants are not prejudiced, and the information is unrelated to the merits and highly sensitive, in camera, ex parte review is appropriate. *See* Dkt. 151 at 7-8.

REPLY IN SUPPORT OF MOTION TO FILE
DECLARATION UNDER PSEUDONYM, TO SEAL,
AND FOR IN CAMERA REVIEW -- 3
2:25-CV-00781-RSM

ACLU OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

**CONCLUSION**

For the reasons stated above and in their opening brief, Dkt. 151, Plaintiffs restate their request to protect paragraph 15 of Roe's declaration in support of Plaintiffs' motion for protective order from disclosure to the public, Defendants, and Defendants' counsel.[1] Should the Court deny any of the relief requested, Plaintiffs ask the Court for an opportunity to withdraw Mary Roe's declaration from the record to replace the redacted declaration with an unredacted declaration that does not include the redacted paragraph. *See* Local Rules W.D. Wash. LCR 5(g)(6).

\*\*\*

The undersigned certifies that this motion contains 791 words, in compliance with the Local Civil Rules.

Dated: March 6, 2026

Ming-Qi Chu (*pro hac vice*)
Jennesa Calvo-Friedman (*pro hac vice*)
Linda S. Morris\* (*pro hac vice)*
\**admitted in State of Maryland*
Viviana Bonilla López (*pro hac vice*)
Lee Gelernt (*pro hac vice* forthcoming)
Omar Jadwat (*pro hac vice* forthcoming)
AMERICAN CIVIL LIBERTIES
    UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500
mchu@aclu.org

Laboni A. Hoq (*pro hac vice*)
HOQ LAW APC
AMERICAN CIVIL LIBERTIES
    UNION FOUNDATION
    (Cooperating Attorney)
P.O. Box 753

Respectfully submitted,

By:  /s/  La Rond Baker
La Rond Baker (WSBA No. 43610)
Brent Low (WSBA No. 61795)
David Montes (WSBA No. 45205)
AMERICAN CIVIL LIBERTIES
    UNION OF WASHINGTON
P.O. BOX 2728
Seattle, Washington 98111-2728
Tel: (206) 624-2184
baker@aclu-wa.org

Kevin M. Fee (*pro hac vice*)
Allison Siebeneck (*pro hac vice*)
ROGER BALDWIN FOUNDATION OF
    ACLU, INC.
150 N. Michigan Ave, Suite 600
Chicago, IL 60601
Tel: (312) 201-9740
kfee@aclu-il.org

---

[1] Defendants are not opposing Plaintiffs' request to file the declaration of Mary Roe in support of the motion for protective order pseudonymously.

REPLY IN SUPPORT OF MOTION TO FILE
DECLARATION UNDER PSEUDONYM, TO SEAL,
AND FOR IN CAMERA REVIEW -- 4
2:25-CV-00781-RSM

ACLU OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184

South Pasadena, CA 91030
Tel: (213) 977-9004
laboni@hoqlaw.com

S. Starling Marshall (*pro hac vice*)
CROWELL & MORING LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Tel: (212)223-4000
Smarshall@crowell.com

Skye Mathieson (*pro hac vice*)
Lucy Hendrix (*pro hac vice*
forthcoming)
Emily P. Golchini (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave NW
Washington, DC 20004
Tel: (202) 624-2500
Smathieson@crowell.com

Lindsay Nako (*pro hac vice*)
Lori Rifkin (*pro hac vice*)
Fawn Rajbhandari-Korr (*pro hac vice*)
Meredith Dixon (*pro hac vice*)
Megan Flynn (*pro hac vice*)
IMPACT FUND
2080 Addison Street, Suite 5
Berkeley, CA 94704
Tel: (510) 845-3473
lrifkin@impactfund.org

Edward T. Waters (*pro hac vice*)
FELDESMAN LEIFER LLP
1129 20th Street NW, 4th Floor
Washington, DC 20036
Tel: (202) 466-8960
ewaters@feldesman.com

REPLY IN SUPPORT OF MOTION TO FILE
DECLARATION UNDER PSEUDONYM, TO SEAL,
AND FOR IN CAMERA REVIEW -- 5
2:25-CV-00781-RSM

ACLU OF WASHINGTON
PO BOX 2728 SEATTLE, WA 98111-2728
(206) 624-2184